UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCHALAMAR CREEK MOBILE
HOMEOWNER'S ASSOCIATION, INC.,
*et al.*,

        Plaintiffs,

v.                                                 Case No. 8:19-cv-291-T-30AEP

STEVEN ADLER, *et al.*,

        Defendants.
_____/

## **ORDER**

This cause came before the Court upon Defendants' Motion to Determine Sufficiency of Answers to Requests for Admission and Request for Oral Argument (Doc. 75) and Plaintiffs' response in opposition thereto (Doc. 79). By the motion, Defendants sought (1) a determination of the sufficiency of Plaintiffs' answers to Defendants' Requests for Admissions, (2) an opportunity to present oral argument on the motion, and (3) fees associated with bringing the motion. Upon consideration, the Court scheduled the motion for a hearing, at which both parties subsequently appeared and presented oral argument. During the hearing, the parties agreed that the supplemental answers provided by Plaintiffs after the filing of the motion sufficed.[1] The parties disagreed, however, as to Defendants' entitlement to fees for bringing the motion.

Under Rule 37, Federal Rules of Civil Procedure, if a party fails to admit a matter requested under Rule 36, and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the

---

[1] Plaintiffs also submitted an oral motion to amend the answers to the Requests for Admission *nunc pro tunc* (Doc. 84) during the hearing, which the Court granted (Doc. 85).

reasonable expenses incurred, including attorney's fees. Fed. R. Civ. P. 37(c)(2). In considering such motion, the court must order an award of expenses unless (1) the request was held objectionable under Rule 36(a); (2) the admission sought was of no substantial importance; (3) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (4) other good cause existed for the failure to admit. Fed. R. Civ. P. 37(c)(2)(A)-(D). As articulated more fully at the hearing, none of the exceptions outlined in Rule 37(c) apply, and, therefore, Defendants are entitled to an award of expenses. Though Defendants sought $3,375 in expenses for bringing the instant motion, the Court finds that $900 constitutes a reasonable award of expenses. Accordingly, it is hereby

ORDERED:

1. Defendants' Motion to Determine Sufficiency of Answers to Requests for Admission and Request for Oral Argument (Doc. 75) is GRANTED IN PART AND DENIED IN PART as follows:

    a. The motion is denied as moot as to Defendants' request to determine the sufficiency of Plaintiffs' answers to the Requests for Admission and request for oral argument.

    b. The motion is granted as to Defendants' request for fees. Fees are awarded in favor of Defendants and against Plaintiffs. Within thirty (30) days of the date of this Order, Plaintiffs shall pay Defendants fees in the amount of $900.

DONE AND ORDERED in Tampa, Florida, on this 6th day of January, 2020.

                                                            ANTHONY E. PORCELLI
                                                            United States Magistrate Judge

cc:    Counsel of Record