**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SHERRY ATWOOD, JAMES DRISKELL,
PHIL FEATHERBAY, DON GLEDHILL,
LINDA GLEDHILL, BARB GRIFFIN,
JOETTE KELLY, CATHY LISKA, and
SCHALAMAR CREEK MOBILE
HOMEOWNER'S ASSOCIATION, INC,

    Plaintiff,

v.                                                                              Case No: 8:19-cv-291-T-30AEP

STEVEN ADLER, LORRAINE
DEMARCO, R. SCOTT PROVOST,
CHARLES CROOK, MARTI NEWKIRK,
MUREX PROPERTIES, L.L.C., THE
NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY, RANDALL
KNAPP, OSPREY LINKS, LLC,
SCHALAMAR GP, INC, RICHARD
LEE, DAVID EASTMAN and LUTZ,
BOBO & TELFAIR, P.A.,

    Defendants.

## **ORDER**

Plaintiffs, the Schalamar Creek Mobile Homeowner's Association, Inc. and a group of homeowners (the "Individual Plaintiffs"[1]), sued a veritable potpourri of individuals and entities, alleging Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracies and violations of the Americans with Disabilities Act. Now certain

---

[1] Individual Plaintiffs are Sherry Atwood, James Driskell, Phil Featherbay, Don Gledhill, Linda Gledhill, Barb Griffin, Joette Kelly, and Cathy Liska.

Defendants—attorneys Richard Lee and David Eastman, their law firm Lutz, Bobo & Telfair, P.A., and former owners of the mobile home park Randall Knapp and Schalamar GP, Inc. (collectively, "Movant Defendants")—move to dismiss the RICO claims against them in part because the Individual Plaintiffs lack standing. The Court agrees Individual Plaintiffs lack standing to bring the RICO claims and will grant the Movant Defendants' motions for summary judgment.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing

2

there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248–49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

Individual Plaintiffs are owners of mobile homes in a park formerly owned, at least in part, by Randall Knapp and Schalamar GP. The Individual Plaintiffs bring RICO claims premised on two actions by Defendants: the first relates to the sale of the mobile home park, which resulted in higher pass-on ad valorem taxes for the mobile home owners; and the second relates to Movant Defendants allegedly forcing new homeowners to enter into rental agreements subject to the P6 Prospectus. As explained below, the Court concludes Individual Plaintiffs lack standing for both claims.[2]

---

[2] That the Court reaches this conclusion should not be surprising. In response to one of the motions, Individual Plaintiffs offer up only the briefest of responses regarding standing: "Plaintiffs suffered a direct injury in the form of increased ad valorem tax pass-ons resulting from the premium purchase price paid for the Park." (Doc. 101, p. 9). But injury does not equal standing,

**A. Standing**

Article III standing has three elements. The first element is that the plaintiff suffered an injury in fact that is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The second element is a causal connection between the injury and the conduct at the heart of the plaintiff's claim. *Id.* (explaining, "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court."). The third element is that "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561.

"Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of litigation." *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1282 (11th Cir. 2019) (quoting, *Lujan*, 504 U.S. at 561). "At the summary-judgment stage, the burden to establish standing is satisfied only if affidavits or other submissions indicate that a genuine issue of material fact exists concerning standing." *Id.* at 1283 (internal quotation marks omitted for clarity).

---

as explained in the following section. And because their response does not even address standing regarding Individual Plaintiffs' claim regarding the P6 Prospectus, the Court can only assume Individual Plaintiffs concede they lack standing to pursue that claim.

**B. Sale of Mobile Home Park**

In 2011, the mobile home park was sold to Osprey Links, LLC. Individual Plaintiffs argue the sale was improper and Schalamar Creek Mobile Homeowner's Association (the "Association") was robbed of its statutory right of first refusal to purchase the property.

Based on the purchase price paid by Osprey Links, in 2013 the ad valorem taxes on the park increased, resulting in higher pass-on taxes to the mobile home owners who rented lots in the community. This increase in pass-on ad valorem taxes is the injury about which the Individual Plaintiffs complain.

The Court concludes Individual Plaintiffs lack standing to bring this claim. At the time of sale and increase in pass-on taxes, only one of the Individual Plaintiffs—Barb Griffin—owned a home in the park. The other Individual Plaintiffs did not buy homes in the park until 2016 or later, after the tax increase occurred. Because the Individual Plaintiffs excluding Griffin did not buy a home in the park until after the increase in pass-on taxes, they cannot demonstrate an injury caused by the sale. Instead, they purchased homes for which they presumably knew the pass-on taxes at the time of purchase. So the Individual Plaintiffs excluding Griffin lack standing.

The Court concludes the Individual Plaintiffs, including Griffin, also lack standing for another reason: Individual Plaintiffs failed to demonstrate a causal link between their alleged injury and the act about which they complain—the sale of the park to Osprey Links in violation of the Association's right of first refusal. Assuming *arguendo* the Association's

right of first refusal was violated,[3] Individual Plaintiffs have not shown their increased pass-on taxes would be different had no violation occurred. Because the Association would have had to match the purchase price offered by Osprey Links, the purchase by the Association would have resulted in the same increase in ad valorem taxes just the same. And since the increase in ad valorem taxes would have occurred regardless of which entity purchased the park, Individual Plaintiffs cannot show that their injury was caused by the violation of the Association's right of first refusal.

Instead, Movant Defendants correctly identify this claim as an attempt by Individual Plaintiffs to sue for an alleged violation of the Association's right of first refusal. But even if the Association's right was violated, only the Association—not individual homeowners and certainly not individuals who had yet to purchase homes in the park—would have standing to pursue such a claim. *See Ell-Cap/Diversified 75 Naples Estates v. Naples Estates Homeowners Ass'n, Inc.*, 975 So. 2d 577, 579 (Fla. Dist. Ct. App. 2008); *see also Harris v. Orange S.A.*, 636 F. App'x 476, 481 (11th Cir. 2015) ("a party whose injuries result 'merely from the misfortunes visited upon a third person by the defendant's acts' lacks standing to pursue a claim under RICO."). So the Court concludes Movant

---

[3] The record does not support this claim by Individual Plaintiffs. Instead, the record shows the Association was given the opportunity to purchase the park but could not match the price offered by Osprey Links. Individual Plaintiffs, though, argue this was because the park's associated golf course was included in the purchase price, thus inflating the sales price. The record is insufficient to support Individual Plaintiffs' proposition, though, so the Court concludes the right of first refusal was not denied to the Association when the park was sold to Osprey Links.

Defendants are entitled to summary judgment on this claim because Individual Plaintiffs lack standing.[4]

**C. P6 Prospectus**

In 2015, Osprey Links obtained approval from the state to offer the P6 Prospectus to homeowners at the park. Individual Plaintiffs argue Osprey Links and the other Defendants fraudulently forced "resale purchasers" to accept the P6 Prospectus at closing instead of electing to proceed under the prior P5 Prospectus.

But as Movant Defendants argue, the Individual Plaintiffs lack standing to pursue this claim because none of them were resale purchasers forced to accept the P6 Prospectus. Of the Individual Plaintiffs, only Griffin owned a home in the park until 2016. For her part, Griffin owns two homes in the park, neither of which are subject to the P6 Prospectus, so she was not forced to accept the P6 Prospectus when she purchased her homes. The remaining Individual Plaintiffs purchased resale homes already subject to the P6 Prospectus. So these Individual Plaintiffs were not forced to accept the P6 Prospectus since the homes they purchased were already subject to it.

Because none of the Individual Plaintiffs are resale purchasers who were forced to accept the P6 Prospectus at closing, none of the Individual Plaintiffs have an injury in fact. Thus, Movant Defendants are entitled to summary judgment on this claim as well.[5]

---

[4] As to Defendants Lee, Eastman, and Lutz, Bobo & Telfair, P.A., the Court also concludes that there is no evidence these Defendants participated in the sale of the park or preparation of the documents sent to homeowners near the time of the sale, thus also entitling them to judgment.

[5] Moreover, the Court concludes Individual Plaintiffs have failed to show Movant Defendants had any part in an alleged scheme by Osprey Links to force resale purchasers to accept the P6

## **CONCLUSION**

Individual Plaintiffs lack standing to assert their RICO claims. Their claims are disjointed, lack factual support, and bear no causal connection to the acts about which Individual Plaintiffs complain. Moreover, Individual Plaintiffs accusations against Movant Defendants appear to be based on mere speculation that Individual Plaintiffs have been unable to factually support despite the opportunity to conduct discovery on these issues. So the Court will grant the Movant Defendants' summary judgment motions.

Given the conclusion that Individual Defendants lack standing, it appears the remaining Defendants would also be entitled to summary judgment on the RICO claims. So the Court will give Individual Plaintiffs fourteen days to show cause why the Court should not enter summary judgment on the RICO claims as to the remaining Defendants.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendants Richard Lee, David Eastman, and Lutz, Bobo & Telfair, P.A.'s Amended Motion for Summary Judgment (Doc. 92) is GRANTED.

2. Defendants Randall Knapp and Schalamar GP, Inc.'s Amended Motion for Summary Judgment (Doc. 93) is GRANTED.

3. The Clerk is directed to enter final summary judgment in favor of Richard Lee; David Eastman; Lutz, Bobo & Telfair, P.A.; Randall Knapp, and Schalamar GP, Inc., and against Plaintiffs Sherry Atwood, James Driskell,

---

Prospectus. So Movant Defendants are entitled to summary judgment for that reason as well.

>Phil Featherbay, Don Gledhill, Linda Gledhill, Barb Griffin, Joette Kelly, and Cathy Liska.

4. Plaintiffs shall show cause within fourteen (14) days from the date of this Order why this ruling should not be applied to the remaining Defendants on Plaintiffs' RICO claims.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of April, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

9