UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRY ATWOOD, JAMES DRISKELL,
PHIL FEATHERBAY, DON GLEDHILL,
LINDA GLEDHILL, BARB GRIFFIN,
JOETTE KELLY, CATHY LISKA, and
SCHALAMAR CREEK MOBILE
HOMEOWNER'S ASSOCIATION, INC.,

    Plaintiffs,

v.                                                   Case No. 8:19-cv-291-T-60AEP

STEVEN ADLER, LORRAINE DEMARCO
R. SCOTT PROVOST, CHARLES CROOK,
MARTI NEWKIRK, MUREX PROPERTIES,
L.L.C, THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY, RANDALL
KNAPP, OSPREY LINKS, LLC,
SCHALAMAR GP, INC., RICHARD LEE,
DAVID EASTMAN, and LUTZ, BOBO &
TELFAIR, P.A.,

    Defendants.
_____/

## ORDER GRANTING "DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT"

This matter is before the Court on "Defendants' Motion for Summary Judgment and Memorandum in Support," filed by counsel for Defendants Lorraine DeMarco, Marti Newkirk, and Murex Properties, LLC ("Murex") (collectively, the "RICO Defendants") and Defendants Steven Adler, Murex, and Northwestern Mutual (collectively, the "ADA Defendants") on April 24, 2020. (Doc. 110). On May 9, 2020, Plaintiffs filed a response in opposition to the motion. (Doc. 111). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

Plaintiff Schalamar Creek Mobile Home Association, Inc. is a mobile homeowners association suing on behalf of a class of 1,000 elderly current and former mobile homeowners in Schalamar Creek Golf Mobile Home Park (the "Park"). Plaintiff alleges that a number of individuals and entities fraudulently induced the Park's mobile homeowners to sign a new prospectus that altered their lot rents and their resale rights, among other things. The Individual Plaintiffs bring substantive claims and conspiracy claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") – Count I (against DeMarco and Newkirk), Count II (against Murex), Count III (against DeMarco and Newkirk), and Count IV (against Murex). Additionally, the Association brings a claim under the Americans with Disabilities Act ("ADA") – Count V (against Steven Adler, Murex, and The Northwestern Mutual Life Insurance Company).

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party

must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

### RICO and RICO Conspiracy Claims (Counts I, II, III, and IV)

The Individual Plaintiffs bring RICO claims premised on two actions by the RICO Defendants: (1) the sale of the Park, which resulted in higher pass-on ad valorem taxes for the mobile homeowners, and (2) forcing new homeowners to enter into rental agreements subject to the P6 Prospectus. Upon review, the Court finds that the Individual Plaintiffs lack standing as to both claims.

To establish Article III standing, a plaintiff must suffer an injury in fact that is "(1) concrete and particularized" and "(b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted). A plaintiff must also demonstrate a causal connection between the injury and the conduct. *Id*. Finally, a plaintiff must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. at 561 (internal quotations omitted). These are not just pleading requirements – standing is an indispensable part of a plaintiff's case, so "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the

successive stages of litigation." *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1282 (11th Cir. 2019) (quoting *Lujan*, 504 U.S. at 561). At the summary judgment stage of the proceedings, "the burden to establish standing is satisfied only if affidavits or other submissions indicate that a genuine issue of material fact exists concerning standing." *Id.* at 1283. (internal quotation omitted).

<u>Sale of Mobile Home Park and Ad Valorem Taxes</u>

In his April 6, 2020, Order, United States District Judge James S. Moody, Jr. concluded that the Individual Plaintiffs lacked standing to assert their RICO claims, finding that "their claims are disjointed, lack factual support, and bear no causal connection to the acts about which Individual Plaintiffs complain." (Doc. 103). As such, Judge Moody granted summary judgment in favor of Defendants Richard Lee, David Eastman, Lutz, Bobo & Telfair, P.A., Randall Knapp, and Schalamar GP, Inc. Given its conclusion, the Court noted that it appeared the remaining Defendants would also be entitled to summary judgment on the RICO claims. The Court then directed the Individual Plaintiffs to show cause as to why summary judgment should not be granted in favor of the remaining Defendants.

Following review of the response, Judge Moody granted summary judgment in favor of Defendants Steven Adler, R. Scott Provost, Charles Crook, The Northwestern Mutual Life Insurance Company, and Osprey Links, LLC, and against Plaintiffs Sherry Atwood, James Driskell, Phil Featherbay, Don Gledhill, Linda Gledhill, Joette Kelly, and Cathy Liska on the RICO claims. (Doc. 109). The Court specifically noted that nothing in its April 21, 2020, Order precluded Defendants Newkirk, DeMarco,

and Murex from moving for summary judgment against the Individual Plaintiffs for lack of standing.

In the pending motion for summary judgment – filed by Newkirk, DeMarco, and Murex – the RICO Defendants argue that Plaintiffs lack Article III standing. For the same reasons discussed by Judge Moody in his April 6, 2020, and April 21, 2020, Orders, the Court agrees. At the time of the sale and increase in the pass-on taxes, only one of the Individual Plaintiffs – Barb Griffin – owned a home in the park.[1] The other Individual Plaintiffs did not buy homes until after the tax increase had occurred. Because the Individual Plaintiffs did not purchase their homes until after the increase in ad valorem taxes, they cannot demonstrate an injury caused by the sale since they presumably knew the pass-on taxes at the time of the purchase.

Additionally, as Judge Moody thoughtfully explained, the Individual Plaintiffs lack standing because they cannot demonstrate a causal link between their alleged injury (the increase in pass-on taxes) and the alleged violation about which they complain (the sale of the park to Osprey Links in violation of the Association's right of first refusal). Because the Association would have been required to match the purchase price offered by Osprey Lakes, the Individual Plaintiffs have not and cannot show that their increased pass-on taxes would be different had no violation occurred. The purchase by the Association would have resulted in the same increase in ad valorem taxes. Therefore, because the increase in ad valorem taxes would have

---

[1] The Court granted summary judgment in favor of Defendants Steven Adler, Lorraine DeMarco, R. Scott Provost, Charles Crook, Marti Newkirk, Murex Properties, LLC, The Northwestern Mutual Life Insurance Company, and Osprey Links, LLC and against Barb Griffin on her RICO claims. (Doc. 109).

occurred regardless of which entity purchased the park, Plaintiffs cannot show that their injury was caused by the violation of the Association's right of first refusal.

### P6 Prospectus Claims

The Court also finds that the Individual Plaintiffs lack standing to pursue their RICO claims related to the P6 Prospectus. As Judge Moody previously explained in his April 6, 2020, Order, none of the Individual Plaintiffs were resale purchasers forced to accept the P6 Prospectus – they purchased resale homes already subject to the P6 Prospectus. Because none of the Individual Plaintiffs are resale purchasers forced to accept the P6 Prospectus at closing, none of the Individual Plaintiffs have an injury in fact.

### Conclusion

The Individual Plaintiffs lack standing to assert their RICO and RICO conspiracy claims. As such, the RICO Defendants are entitled to summary judgment on Counts I, II, III, and IV.

### *Denial of Rights of Access Under ADA (Count V)*

In their motion, the ADA Defendants argue that the Association lacks Article III standing to bring Count V. Although they recognize that an association may generally bring a suit on behalf of its members, the ADA Defendants contend that the Association does not and cannot satisfy the first and second prongs of the test established in *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333 (1977). An association only has standing "to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither

the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Id.* at 343.

In the amended complaint, the Association has not identified any members that would otherwise have standing to sue in their own right. They only generally allege that the mobile homeowners are "elderly persons" who have "mobility, balance, gait, vision, and hearing difficulties" and are "physically disabled" as defined by Florida and federal law. They do not specifically identify any individuals or their corresponding disabilities. Additionally, the amended complaint only includes a broad list of barriers. These insufficient allegations fail to satisfy the first factor of the *Hunt* test. *See Drummond v. Zimmerman*, 19-81532-CIV-SINGHAL, 2020 WL 1845671, at *7 (S.D. Fla. Apr. 13, 2020) ("The HOA's broad list of alleged barriers and lack of specified individuals with corresponding disabilities do not satisfy the first prong of the *Hunt* test.").

Moreover, the Association fails to and cannot establish that the interests it seeks to protect are germane to the organization's purpose. *See id.* ("[T]he HOA cannot, as a matter of law, establish the second prong of the *Hunt* test: that the interests it seeks to protect are germane to the HOA's purpose. . . . The HOA exists for the benefit of the homeowners and the mobile home park; it is not a disability advocacy group.").

Although the Association has requested leave to correct any deficiencies in this count, the Court declines to permit amendment because the Association cannot satisfy the second prong of the *Hunt* test as a matter of law. The ADA Defendants are entitled to summary judgment on Count V.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion for Summary Judgment and Memorandum in Support" (Doc. 110) is hereby **GRANTED**.

2. The Clerk of Court is directed to enter one final summary judgment in favor of Defendants Richard Lee; David Eastman; Lutz, Bobo & Telfair, P.A.; Randall Knapp; Schalamar GP, Inc.; Steven Adler; Lorraine DeMarco; R. Scott Provost; Charles Crook; Marti Newkirk; Murex Properties, LLC; The Northwestern Mutual Life Insurance Company; and Osprey Links, LLC, and against Plaintiffs Schalamar Creek Mobile Homeowner's Association, Inc.; Sherry Atwood; James Driskell; Phil Featherbay; Don Gledhill; Linda Gledhill; Barb Griffin; Joette Kelly; and Cathy Liska;  *See* (Docs. 103; 109).

3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of August, 2020.

 

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**