UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCHALAMAR CREEK MOBILE
HOMEOWNER'S ASSOCIATION, INC.,
*et. al*,

                                                    CASE NO. 8:19-cv-00291-TPB-AEP

      Plaintiffs,

v.

STEVEN ADLER, *et. al*,

      Defendants.

_____/

## MOTION TO DISMISS WITHOUT PREJUDICE OR STAY CONSIDERATION OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS PENDING APPEAL

Plaintiffs, Schalamar Creek Mobile Homeowner's Association, Inc. (the "Association"), and Sherry Atwood, James Driskell, Phil Featherbay, Don Gledhill, Linda Gledhill, Barb Griffin, Joette Kelly and Cathy Liska (collectively, the "Individual Plaintiffs"), respectfully request that the Court enter an Order dismissing without prejudice or staying consideration of Defendant's Verified Motion for Award of Attorney's Fees and Costs, Doc. 124, pending the resolution of Plaintiffs' appeal to the Eleventh Circuit.  For the reasons explained in the following Memorandum, Defendants' claim for attorney's fees and costs under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statutes § 501.2105(1), must be dismissed without prejudice or stayed until the appeal of this matter is concluded; further, the Court has the discretion to stay the proceedings on all of the Defendants' claims for attorney's fees and costs and should do so under the circumstances of this case in the interests of judicial efficiency and to avoid piecemeal consideration of Defendants' claims for fees and costs.

**MEMORANDUM**

## I.     Background

The initial Complaint in this case was filed by the Association on behalf of the owners of mobile homes in the Schalamar Creek Golf Mobile Home Park (the "Park").  Doc. 2.  The Defendants are former and present owners of the Park and individuals and entities who were involved in the sale of the Park.  *Id.*  In the initial Complaint in this case, the Association asserted against the Defendants federal and state RICO and RICO Conspiracy claims under 18 U.S.C. § 1962 and Florida Statutes § 772.103, a common-law Unjust Enrichment claim, a FDUTPA claim under Florida Statues §§ 501.204 and 501.211, and a claim under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*.  Doc. 2.  The RICO, RICO Conspiracy, Unjust Enrichment, and FDUTPA claims were based on alleged wrongdoing relating to the sale of the Park. *Id.*  The ADA claim alleged public accommodations at the mobile home park were not accessible to disabled persons.  *Id.*

The Defendants moved to dismiss the Complaint, Doc. 8, Doc. 11, to which the Association responded, Doc. 13, Doc. 17.  The Defendants' motions to dismiss were granted without prejudice to the filing of an amended complaint.  Doc. 36.

The Association moved for class certification while the motions to dismiss the initial Complaint were pending.  Doc. 22.  The Defendants were not required to respond to the motion, Doc. 32, and it was denied as moot when the Defendants' motion to dismiss was granted.  Doc. 36.

After the motion to dismiss the initial Complaint was granted, Defendants moved for sanctions against the Association and its counsel.  Doc. 48, Doc. 49.  Plaintiffs responded to the

motions, Doc. 51, and the Defendants filed replies, Doc. 59, Doc. 60.  The Court denied the sanctions motions without prejudice.  Doc. 61.

As permitted by the Court, Doc. 36, an Amended Complaint was filed against the Defendants.  Doc. 44.  The Amended Complaint named the Individual Plaintiffs, all of whom are owners of mobile homes in the Park, as Plaintiffs, along with the Association.  *Id.*  The Amended Complaint again alleged federal and state RICO and RICO conspiracy claims, this time asserted by the Individual Plaintiffs on behalf of themselves and a proposed class of mobile home owners, and an ADA claim, which was asserted by the Association on behalf of Park residents.  *Id.*

The Defendants moved to dismiss the Amended Complaint, Doc. 50, to which the Plaintiffs responded, Doc. 52.  The Defendants also again moved for sanctions regarding the Amended Complaint, Doc. 58; Plaintiffs responded to that motion as well, Doc. 66.  The Court denied the motion to dismiss and again denied the sanctions motion as premature.  Doc. 67.

After the Defendants answered, Doc. 68, Doc. 69, Doc. 70, Doc. 71, some of the Defendants filed motions for summary judgment.  Doc. 92, Doc. 93.  Plaintiffs responded to the summary judgment motions.  Doc. 100, Doc. 101.  The Court granted summary judgment in favor of the movant Defendants and against the Individual Plaintiffs, holding that the Individual Plaintiffs lacked standing to assert their claims.  Doc. 103.  The Court further ordered the Individual Plaintiffs to show cause why the remaining Defendants were not also entitled to summary judgment against them based on lack of standing.  *Id.* The Individual Plaintiffs responded to the order to show cause, Doc. 107, the remaining Defendants moved for summary judgment against the Plaintiffs, Doc. 110, and the Plaintiffs responded to that summary judgment motion. Doc. 111.  The Court granted summary judgment in favor of the remaining Defendants against all Plaintiffs.  Doc. 121.

The Court entered Judgment in favor of all Defendants on August 11, 2020.  Doc. 122. The Plaintiffs timely filed a Notice of Appeal on September 10, 2020.  Doc. 143.

## II.      Defendants' Motion for Attorney's Fees and Costs

Defendants filed the Verified Motion for Award of Attorney's Fees and Costs on August 25, 2020, Doc. 124, shortly after the Judgement was entered and before Plaintiffs filed their Notice of Appeal.  The motion seeks an award of attorney's fees and costs based on three theories: (1) although the Plaintiffs never asserted any claims under the Florida Mobile Home Act, (the "FMHA"), the Defendants argue this case was an action to enforce the FMHA and that they are therefore prevailing parties under the FMHA's fees provision, Fla. Stat. § 723.068; (2) Defendants assert they are entitled to fees and costs under Florida's RICO statute, Fla. Stat. § 772.11; Fla. Stat. § 772.104, arguing Plaintiffs' RICO claims were without substantial factual or legal support; and (3) Defendants seek attorney's fees under FDUTPA, Florida Statutes § 501.2105(1), as prevailing parties.

## III.     The Court must postpone consideration of Defendants' claim for attorney's fees and costs under FDUTPA.

The Court should dismiss without prejudice or stay Defendants' request for attorney's fees under FDUTPA.  A trial court has discretion whether to award attorney's fees and costs to the prevailing party in FDUTPA litigation.  *See PODS Enterprises, LLC v. U-Haul Intern., Inc.*, 126 F. Supp. 3d 1263, 1291 (M.D. Fla. 2015).  Under the plain language of FDUTPA's attorney's fees provision, a FDUTPA attorney's fees award may be entered only "after judgment in the trial court *and exhaustion of all appeals*."  § 501.2105(1) (emphasis added).

As a result, Defendants' FDUTPA fee request is premature.  The Eleventh Circuit has recognized that FDUTPA's attorney's fees provision "expressly includes the culmination of the appellate process in its definition of a prevailing party."  *M.G.B. Homes, Inc. v. Ameron Homes,*

*Inc.*, 30 F.3d 113, 115 (11th Cir. 1994).  Similarly, the Florida Supreme Court has stated: "In accordance with the plain language of this provision, to recover attorney's fees in a FDUTPA action, a party must prevail in the litigation; meaning that the party must receive a favorable judgment from a trial court with regard to the legal action, including the exhaustion of all appeals." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So.3d 362, 368 (Fla. 2013).  The FDUTPA's attorney's fees provision thus contemplates a process under which attorney's fees are litigated only after any appeals are concluded.  *See Am. Registry, LLC v. Hanaw*, 2015 WL 5687693, at *3 (M.D. Fla. Sept. 25, 2015); *see also Procaps S.A. v. Patheon Inc.*, 157 F. Supp. 3d 1199, 1200 (S.D. Fla. 2016) ("FDUPTA does not permit a fees award to a prevailing party until all appeals are exhausted."); *Nolan v. Altman*, 449 So. 2d 898, 900 (Fla. 1st DCA 1984) (FDUTPA attorney's fees provision "contemplates a two-step procedure under which judgment is first entered on liability, and then, after any appeals, attorney's fees are awarded.") (quoting *B & L Motors, Inc. v. Bignotti*, 427 So.2d 1070, 1072 (Fla. 2d DCA 1983)).  Accordingly, Defendants may be awarded attorney's fees under FDUTPA only after they have prevailed on appeal, if they do so.

Given the prematurity of the Defendants' request for attorneys' fees under FDUTPA, the Court may deny the motion without prejudice pending the outcome of Plaintiffs' appeal.  This is what Judge Corrigan of this district did in *Citibank (S. Dakota) N.A. v. Nat'l Arbitration Council, Inc.*, 2006 WL 2691528 (M.D. Fla. Sept.19, 2006), holding that the language of FDUTPA's attorney's fees "require[d] the denial without prejudice of" the prevailing parties' motion for attorney's fees and costs, "subject to renewal after … the conclusion of an appeal."  *Id.* at *7. Likewise, Judge Rosenbaum of the Southern District of Florida denied a defendant's FDUTPA fee motion, stating that under FDUTPA, courts should "refrain from considering awarding attorney's

fees to a prevailing party until the appellate process has concluded." *Spatz v. Microtel Inns & Suites Franchising, Inc.*, 2012 WL 13005550, at *2 (S.D. Fla. June 11, 2012).

Dismissal without prejudice of the Defendants' motion for an award of attorney's fees and costs would be consistent with the Court's handling of Defendants' prior attorney's fees motions, Doc. 61, Doc. 67, and would prevent these motions from remaining on the Court's docket indefinitely while the appeal is pending.

Alternatively, the Court has the discretion to stay the attorney's fees proceedings pending the resolution of the Plaintiffs' appeal. The Advisory Committee Notes to the 1993 Amendment of  Federal Rule of Civil Procedure 54(d) explain that where a motion for attorney's fees has been filed and "an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice ..." Courts in the Eleventh Circuit have regularly exercised this discretion to stay consideration of motions for attorney's fees and costs under FDUTPA until the conclusion of the appeal. *See, e.g. Procaps S.A.*, 157 F. Supp. 3d at 1200; *Corey Airport Services, Inc. v. City of Atlanta*, 2011 WL 13216938, at *1 (N.D. Ga. Apr. 6, 2011).

The Court may not award the Defendants attorney's fees and costs under FDUTPA unless the Defendants prevail in the Plaintiffs' appeal of the Court's judgment against them. The Court should dismiss without prejudice Defendants' motion for an award of attorney's fees or stay consideration of the motion pending the resolution of the appeal.

## IV.    The Court should stay Defendants' remaining claims for attorney's fees and costs.

Along with postponing consideration of Defendants' claim for attorney's fees and costs under FDUTPA, the Court should exercise its discretion and stay Defendants' parallel claims for attorney's fees and costs under the FMHA and RICO. Deferring consideration of all of

Defendants' fee claims until after the appeal is concluded, if necessary, will avoid duplicative, piecemeal litigation.

As discussed above, Rule 54(d) permits federal courts to stay litigation of an attorney's fees motion pending appeal.  "[D]eferring ruling on a motion for attorney's fees and costs pending an appeal is a matter within the courts discretion, and courts will defer ruling in the interests of judicial economy." *Truesdell v. Thomas*, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016); *see also Corey Airport Services, Inc.*, 2011 WL 13216938, at *1 (staying litigation of motion for attorney's fees and costs pending appeal where it would be an "inefficient use of limited judicial resources to address" fees and costs before the appeal was concluded). *Cf. Regions Bank v. Legal Outsource PA*, 2017 WL 11461033, at *1 (M.D. Fla. Apr. 27, 2017) ("This Court's practice is to deny motions for attorney's fees without prejudice when a matter has been appealed.").

Postponing consideration of all Defendants' attorney's fees claims would further judicial efficiency.  Defendants have asserted fee claims under multiple statutes that provide varying standards.  Plaintiffs plan to appeal the Court's rulings dismissing each of their claims.  The Eleventh Circuit's ruling on any of the issues on appeal may therefore result in the elimination of one or more, or potentially all, of Defendants' fee claims.  Prudence dictates awaiting the outcome of the appeal before the parties and the Court expend extensive time and resources addressing issues that may be narrowed or eliminated following Plaintiffs' appeal.

Staying Defendants' fee claims under the FMHA and RICO statutes is further warranted because consideration of the FDUTPA claim must be put off, and the FDUTPA fees claim is intertwined with the FMHA and RICO fee claims.  Judge Covington of this district stayed consideration of the defendant's motion for attorney's fees in *Hetrick v. Ideal Image Dev. Corp.*, 2009 WL 413533 (M.D. Fla. Feb. 18, 2009), because FDUTPA's attorney's fees provision was

one of the bases for the defendant's motion.  *Id.* at * 2.  As Judge Covington explained, staying the request for attorney's fees and costs pending the resolution of the appeal would "serve the interests of the parties and the interests of the Court."  *Id.*  Here, Defendants acknowledge that "[a]ll of the claims under which fees are sought arise from a common core of facts and related legal theories."  Doc. 124 at 18.  Because Defendants' FDUTPA fee claim cannot be considered at this time, if the parties and the Court expend time and resources litigating the FMHA and RICO fee claims now, that effort may have to be repeated at the conclusion of the appeal if the Defendants successfully defend the judgment in their favor.  Conversely, if the Court postpones consideration of all of the Defendants' fee claims, the need to consider them may be avoided entirely if Plaintiffs prevail on appeal, and if they do not, the Court will be required to consider Defendants' fee claims only once.

Finally, deferring ruling on all of the Defendants' fee claims will avoid piecemeal litigation.  The United States Supreme Court has observed that "[a] request for attorney's fees should not result in a second major litigation."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The litigation of Defendants' FMHA and RICO fee claims now may need to be duplicated once the appeal is completed.  Such piecemeal litigation will result in increased fees for both parties, and duplicative efforts for the Court, which is itself sufficient basis to defer consideration of those claims.  *See Bowers v. Universal City Dev. Partners, Ltd.*, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005) (consideration of motion for attorney's fees and costs should be postponed "to avoid the piecemeal resolution of fee disputes.")

Deferring consideration of Defendants' fee claims until all bases of Defendants' claims may be considered together at the conclusion of the appeal, if necessary, will preserve judicial resources and avoid piecemeal litigation.  Along with dismissing without prejudice or staying

8

Defendants' claim for attorney's fees and costs under FDUTPA, the Court should therefore stay consideration of Defendants' claims for fees and costs under the FMHA and RICO.

## CONCLUSION

For these reasons, it is respectfully requested that the Court enter an Order dismissing without prejudice or staying consideration of all fee claims contained in Defendant's Verified Motion for Award of Attorney's Fees and Costs, Doc. 124, pending the resolution of Plaintiffs' appeal to the Eleventh Circuit.

## Certificate of Rule 3.01(g) Conference

Limited appearance counsel for Plaintiffs, Katherine Earle Yanes, conferred with counsel for the Defendants, Mahlon Barlow, regarding the relief requested in this motion.  Counsel for the Defendants has authorized the undersigned to represent that the Defendants oppose the relief requested.

Respectfully submitted,

/s/ *Katherine Earle Yanes*
Katherine Earle Yanes (FBN 0159727)
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, FL 33601
Phone: (813) 229-1118
Facsimile: (813) 221-6750
KYanes@kmf-law.com

/s/ *Brian L. Shrader*
Brian L. Shrader (FBN 57251)
SHRADER LAW, PLLC
612 W. Bay Street
Tampa, FL   33606
Phone: (813) 360-1529
Facsimile: (813) 336-0832
bshrader@shraderlawfirm.com

*Limited Appearance Co-Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2020, I electronically filed the foregoing with the Clerk of Court through the CM/ECF Filing System, which will send a notice of electronic filing to all counsel of record.

/s/ *Katherine Earle Yanes*
Katherine Earle Yanes