UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCHALAMAR CREEK MOBILE
HOMEOWNER'S ASSOCIATION,
INC., *et al.*,

        Plaintiffs,

v.                                                                                  Case No. 8:19-cv-291-T-60AEP

STEVEN ADLER, *et al.*,

        Defendants.
_____/

## ORDER

This cause comes before the Court upon Defendants' Verified Motion for Award of Attorney's Fees and Costs (Doc. 124), Defendants' Notice of Supplemental Authority (Doc. 129), Plaintiffs' Motion to Dismiss Without Prejudice or Stay Consideration of Defendants' Motion for Attorney's Fees and Costs Pending Appeal (Doc. 145), Defendants' response in opposition to the request for a stay (Doc. 146), Defendants' second Notice of Supplemental Authority (Doc. 152), and Plaintiffs' response in opposition to Defendants' request for fees and costs (Doc. 153). Following entry of judgment in their favor (Doc. 122), Defendants seek an award of fees and costs as the purported prevailing parties under the Florida Mobile Home Act ("FMHA"), the Florida Racketeer Influenced and Corrupt Organizations Act ("Florida RICO"), and Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") and for an unjust enrichment claim (Doc. 124). Specifically, Defendants seek an award of $498,608 in attorneys' fees and $21,634.22 in costs. Following the filing of Defendants' motion for attorneys' fees and costs, all Plaintiffs, except Phil Featherbay, appealed the judgment entered against them (Doc. 143). Given the pending appeal, Plaintiffs seek to either deny without prejudice Defendants' motion for attorneys' fees and costs or stay consideration of the motion until the

conclusion of the appeal in this matter (Doc. 145).[1]  Defendants respond in opposition, arguing that neither denial without prejudice nor a stay, whether mandatory or discretionary, is warranted, and, even if the Court determines a stay is appropriate, the Court should still award Defendants their costs (Doc. 146).

As Plaintiffs contend, however, "deferring ruling on a motion for attorney's fees and costs pending an appeal is a matter within the court's discretion, and courts will defer ruling in the interests of judicial economy."  *Truesdell v. Thomas*, Case No: 5:13-cv-552-Oc-10PRL, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016) (citations omitted); *see Bowers v. Universal City Dev. Partners, Ltd.*, No. 603CV985ORL18JGG, 2005 WL 1243745, at *1 (M.D. Fla. May 19, 2005) *report and recommendation adopted at* No. 603CV985ORL18JGG (Doc. 168) (M.D. Fla. June 6, 2005).  Rather than stay the matter, the appropriate resolution is denial without prejudice and, to the extent necessary, leave for Defendants to either renew their motion as is or to submit a supplemental motion following appeal.  *See Regions Bank v. Legal Outsource PA*, Civ. No. 2:14-476-FtM-PAM-MRM, 2017 WL 11461033, at *1 (M.D. Fla. Apr. 27, 2017) ("This Court's practice is to deny motions for attorney's fees without prejudice when a matter has been appealed.").  Indeed, such resolution seems most likely to preserve judicial resources, prevent piecemeal litigation of the issue of an award of attorneys' fees and costs, and promote the interests of efficiency and economy.[2]  *See Corey Airport Servs., Inc. v. City of Atlanta*, Civil

---

[1]  Plaintiffs frame their motion as a request to "dismiss" Defendants' request for attorneys' fees and costs.  This appears to simply be a misnomer as the Court would not be dismissing the motion without prejudice but rather denying it without prejudice.

[2]  Judge Moody effectively echoed this sentiment in his prior Orders, indicating that the Court would not enter piecemeal orders with respect to a party's entitlement to fees and costs but rather would address the issue at the conclusion of the case (*see* Docs. 61 & 67).  Given the pending appeal, the issues have not been conclusively determined at this juncture, and, thus, consideration of an award of attorneys' fees and costs would constitute a waste of judicial resources.

Action No. 1:04-CV-3243-CAP, 2011 WL 13216938, at *1 (N.D. Ga. Apr. 6, 2011) (agreeing that it would be an inefficient use of limited judicial resources to address the motion for attorney's fees with an appeal pending).  Accordingly, it is hereby

ORDERED:

1. Defendants' Verified Motion for Award of Attorney's Fees and Costs (Doc. 124) is DENIED WITHOUT PREJUDICE.

2. Plaintiffs' Motion to Dismiss Without Prejudice or Stay Consideration of Defendants' Motion for Attorney's Fees and Costs Pending Appeal (Doc. 145) is GRANTED IN PART AND DENIED IN PART.

3. To the extent necessary, within fourteen (14) days of the conclusion of the appeal in this matter, Defendants may simply renew their motion or may submit a supplemental motion with any further information they seek to include for the Court's consideration.

DONE AND ORDERED in Tampa, Florida, on this 13th day of October, 2020.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record