UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCHALAMAR CREEK MOBILE
HOMEOWNER'S ASSOCIATION,
INC., *et al.*,

        Plaintiffs,

v.                                                          Case No. 8:19-cv-291-TPB-AEP

STEVEN ADLER, *et al.*,

        Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This cause comes before the Court upon Defendants' Supplemental Motion for Attorney's Fees and Costs (Doc. 185) ("Supplemental Motion"). Plaintiffs filed a Response in Opposition to Defendants' Supplemental Motion (Doc. 186). For the reasons discussed below, it is recommended that the motion be granted as detailed below.

### I.    Background

As more thoroughly discussed in the undersigned's previous Report and Recommendation regarding Defendants' entitlement to Prevailing Attorney's Fees and Costs (*see* Doc. 164), Plaintiff Schalamar Creek Mobile Homeowner's Association, Inc. (the "Plaintiff Association") is the mobile homeowner's association in the Schalamar Creek Golf Mobile Home Park ("Schalamar Creek Park") (Doc. 2, at ¶¶ 17-20). On February 5, 2019, the Plaintiff Association filed a

Complaint on behalf of current and former homeowners (Doc. 2). The Complaint alleged violations of the federal and state Racketeer Influenced and Corrupt Organizations Act ("RICO"), unjust enrichment, violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), and violations of the Americans with Disabilities Act ("ADA") against 16 defendants: the individual and corporate current and former owners and operators of Schalamar Creek Park, a sanitation company and its owner, a law firm and attorneys of that law firm, and a manufactured housing association (Doc. 2, at ¶¶ 22-50).

On July 1, 2019, the Plaintiff Association and the additional Individual Plaintiffs[1] (collectively "Plaintiffs") filed an Amended Complaint (Doc. 44). The Individual Plaintiffs raised four federal and state RICO and RICO conspiracy claims and the Plaintiff Association raised an ADA claim (Doc. 44).[2] Defendants moved to dismiss the Amended Complaint (Doc. 50), and for sanctions against the Plaintiff Association and its counsel under Florida Statutes §57.105 and Federal Rule of Civil Procedure 11 and moved for a bond under section 501.211, Florida Statutes (Docs. 48 & 49). The Court denied the motion for sanctions without prejudice (Doc. 61) and denied Defendants' motion to dismiss the Amended Complaint (Doc. 50).

---

[1] Sherry Atwood, James Driskell, Phil Featherbay, Don Gledhill, Linda Gledhill, Barb Griffin, Joette Kelly, and Cathy Liska (collectively "Individual Plaintiffs").
[2] Plaintiffs filed the Amended Complaint against the following Defendants: Steven Adler; Lorraine DeMarco; R. Scott Provost; Charles Crook; Marti Newkirk; Murex Properties, LLC; The Northwestern Mutual Life Insurance Company; Randall Knapp; Osprey Links, LLC; Schalamar GP, Inc.; Richard Lee; David Eastman; and Lutz, Bobo & Telfair, P.A. (collectively "Defendants").

Subsequently, Defendants Richard Lee and David Eastman, their law firm Lutz, Bobo & Telfair, P.A., and former owners of the mobile home park Randall Knapp and Schalamar GP, Inc., moved for summary judgment on the RICO claims (Docs. 92 & 93). The Court granted summary judgment in favor of the movant Defendants on the RICO claims (Doc. 103). The Court also ordered the Individual Plaintiffs to show cause why the non-movant Defendants were not also entitled to summary judgment on the RICO claims. *Id.*

The Individual Plaintiffs responded to the Court's Order to Show Cause and argued that each of them had standing "regarding" some of the non-movant Defendants (Marti Newkirk, Lorraine DeMarco, and Murex Properties, LLC), but did not raise any arguments regarding the remaining non-movant Defendants (Doc. 107). The Court concluded that the Individual Plaintiffs[3] claims against non-movant Defendants Newkirk, DeMarco, and Murex Properties, LLC should survive because the Individual Plaintiffs only addressed standing regarding those Defendants in response to the Court's Order to Show Cause (Doc. 109, at 2). The Court granted summary judgment in favor of non-movant Defendants Steven Adler, R. Scott Provost, Charles Crook, The Northwestern Mutual Life Insurance Company, and Osprey Links, LLC on Individual Plaintiffs' RICO claims (Doc. 109, at 2).

---

[3] One of the Individual Plaintiffs – Barb Griffin – failed to respond to the Court's Order to Show Cause and as a result, the Court concluded that she lacked standing to bring the RICO claims and granted summary judgment in favor of the non-movant Defendants on her claims (Doc. 109, at 2).

The remaining Defendants moved for summary judgment (Doc. 110). The Court[4] granted summary judgment in favor of the remaining Defendants on the RICO claims (Doc. 121, at 4-6). The Court also granted summary judgment against the Plaintiff Association on the ADA claim (Doc. 121, at 6-7). Plaintiffs appealed the summary judgment order entered in Defendants' favor on the federal RICO claims and the ADA claim. The Eleventh Circuit Court upheld the district court's decisions. *See Schalamar Creek Mobile Homeowner's Ass'n, Inc. v. Adler*, 855 F. App'x 546 (11th Cir. 2021).

While Plaintiffs' appeal was pending, Defendants filed a Verified Motion for Award of Attorney's Fees and Costs (Doc. 124) ("Verified Motion for Fees and Costs"), which the undersigned denied without prejudice, holding that Defendants could renew their motion or submit a supplemental motion after resolution of the pending appeal (Doc 154). Following the Eleventh Circuit's decision, Defendants filed a Supplemental Motion for Prevailing Party Attorney's Fees and Costs (Doc. 158), which incorporated Defendants' Verified Motion for Fees and Costs. Plaintiffs responded to the same (Doc. 159).

The undersigned issued a Report and Recommendation recommending that Plaintiffs were entitled to attorney's fees pursuant to 772.104(3), Florida Statutes

---

[4] The case was reassigned from U.S. District Judge James S. Moody, Jr. to U.S. District Judge Thomas P. Barber during the pendency of the remaining Defendants' motion for summary judgment (Doc. 116). Judge Moody granted summary judgment in favor of Defendants Richard Lee, David Eastman, Lutz, Bobo & Telfair, P.A., Randall Knapp, Schalamar GP, Inc., Steven Adler, R. Scott Provost, Charles Crook, The Northwestern Mutual Life Insurance Company, and Osprey Links, LLC (Docs. 103 & 109). Judge Barber granted summary judgment in favor of the remaining Defendants (Doc. 121).

and that Defendants be allowed to supplement their petition for taxation of costs upon filing their supplemental motion for amount of attorney's fees given noted deficiencies in their motion (Doc. 164). The Report and Recommendation was affirmed and adopted by Judge Barber (Doc. 169). Judge Barber directed Defendants "to file their supplemental motion for amount of attorney's fees in accordance with the requirements of Local Rule 7.01(c)" (Doc. 169). Subsequently, Defendants filed their Supplemental Motion (Doc. 185).

It is important to note that Defendants' Supplemental Motion does not explicitly request an exact amount in fees (*see* Doc. 185). Additionally, the Supplemental Motion does not reference the Verified Motion for Fees and Costs previously filed on August 25, 2020 (Doc. 124) before the Court ruled on entitlement. The first page of the Statement of Account attached as an exhibit in support of the Supplemental Motion has a sticky note attached stating the total is $506,535.70 (Doc. 185-1, p. 1). The only other reference to an exact amount comes from the Declaration by attorney Joseph A. Geary, filed by Defendants as an exhibit to the Supplemental Motion (Doc. 185-2). Mr. Geary states that his declaration is in support of Defendants' Verified Motion for Fees and Costs (*see* Doc. 124) and cites to the same (Doc. 185-2, at 1). In the Verified Motion for Fees and Costs, Defendants requested $498,608.00 in attorneys' fees (Doc. 124, at 13). Mr. Geary's declaration includes tables reflecting the number of hours claimed to have been expended by the attorneys and paralegals in this case and the hourly rates charged by each individual, which he states were included in Defendants' Verified Motion

for Fees and Costs (Doc. 185-2, at 8-9). There are two tables, the "Association Fee Claim" which is purported to reflect the time and fees claimed for Defendants' counsel's work in the case in defense of the claim initially brought by the Plaintiff Association as asserted in the original Complaint, and the "Individual Fee Claim" which purports to reflect time and fees claimed for Defendants' counsel's work in the case in defense of the claims brought by the Individual Plaintiffs in the Amended Complaint after the dismissal of the Plaintiff Association's claims (Doc. 185-2, at 8). However, when comparing the tables included in Mr. Geary's declaration to those originally added to Defendants' Verified Motion for Fees and Costs, they are not the same. *Compare* (Doc. 124, at 15) *with* (Doc. 185-2, at 8-9). This appears to be a scrivener's error, as the claimed hourly rate and claimed number of hours are the same in both tables, but the claimed fees calculation is significantly less in Mr. Geary's table. Given the confusion created by Defendants' filings, the undersigned has reviewed both the Verified Motion for Fees and Costs (Doc. 124) and the Supplemental Motion (Doc. 185) in formulating the recommendation.

## II.    Discussion

Based on the request of $498,608.00 in Defendants' Verified Motion for Fees and Costs, Plaintiffs object to the reasonableness of the claimed amount and submit that $5,985.00 is a reasonable fee because Florida RICO, the basis for Defendants' fee entitlement, was described—directly or indirectly—in a total of 14.9 hours in Defendants' billing records.

The Court previously found that Defendants are entitled to recover attorney's fees incurred in defending against the Florida RICO claims. The Florida RICO statute provides:

> The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support. In awarding attorney's fees and costs under this section, the court may not consider the ability of the opposing party to pay such fees and costs.

Fla. Stat. § 772.104(3). Thus, the statute provides for recovery of "reasonable" attorney's fees. The Florida Supreme Court has adopted the federal lodestar approach for determining the amount of reasonable attorneys' fees. *See Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1146 (Fla. 1985). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.[5] *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citation omitted). Furthermore, this "lodestar" may then be adjusted for the results obtained by the attorney. *See  Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir.

---

[5] The twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), may also be relevant considerations for determining the lodestar amount: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. However, these "factors are largely redundant to the lodestar analysis because they are almost always subsumed in the lodestar." *In re Home Depot Inc.*, 931 F.3d 1065, 1091 (11th Cir. 2019).

1999) (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303 (citation omitted).

### A.    Reasonable Hourly Rates

In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299 (citations omitted). In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Barnes*, 168 F.3d at 437. The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *See Norman*, 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

In the instant case, Defendants request the following hourly rates: $450 per hour for J. Allen Bobo; $450 per hour for David Eastman; $350 per hour for Jody B. Gabel; $460 per hour for Mahlon H. Barlow;[6] $275 per hour for Ali V.

---

[6] Although Defendants' Verified Motion states that Mr. Barlow seeks an hourly rate of $460, the chart included in the Verified Motion calculates Mr. Barlow's hourly rate as $450-$460 (Doc. 124, at 15-16). Notably, Mr. Barlow billed 6.5 hours at $460/hour and over 500 hours at $450/hour (*see* Doc. 185-1, at 1-13).

Mirghahari;[7] $120-$150 per hour for Monica Rodgers (paralegal); $170-$180 per hour for Mary Healy (paralegal); and $120 per hour for Linda Pestano (paralegal) (Doc. 124, at 15-16).

In support of the requested hourly rates, Defendants offer Mr. Geary's Declaration (Doc. 185-2). Defendants also previously filed the biographies of each attorney (Doc. 124-2). Mr. Geary opined that in light of a previous holding in another case, Mr. Bobo's hourly rate of $400 per hour was reasonable (Doc. 185-2, at 9).[8] Mr. Geary also opined that Mr. Eastman's rate of $450 per hour[9] and Ms. Gabel's rate of $350 per hour were reasonable (Doc. 185-2, at 10). As to Mr. Barlow's rate, Mr. Geary opined that Mr. Barlow's hourly rates of $450 and $460 were both reasonable and recommended that Mr. Barlow's hourly rate of $460 should be applied given a similar finding in a different case (Doc. 185-2, at 10). Finally, as to Mr. Mirghahari, Mr. Geary opined that Mr. Mirghahari's $275 per hour rate was also found reasonable in another case (Doc. 185-2, at 10), however, in the table summarizing his findings as to the reasonable number of hours and fees, Mr. Geary calculated Mr. Mirghahari's hourly rate as $250 (Doc. 185-2, at 17). Mr. Geary also opined that Ms. Pestano's hourly rate should be increased to $130 and Ms. Healy and Ms. Rodgers' hourly rates should be reduced to $130, which he

---

[7] Although Defendants' Verified Motion states that Mr. Mirghahari seeks an hourly rate of $275, the chart included in the Verified Motion (Doc. 124, at 15-16) and the billing records (Doc. 185-1, at 2-13) shows Mr. Mirghahari's hourly rate as $225-$275.
[8] Mr. Bobo's hourly rate charged to the client was $450.
[9] Although not addressed by the parties, Mr. Eastman's hourly rate charged to the client before Plaintiffs filed the Amended Complaint was $400, not $450 (Doc. 185-1, at 15-17).

believed was more in line with paralegal rates awarded in the local market (Doc. 185-2, at 16-17).[10] Plaintiffs do not contest the hourly rates (Doc. 186, p. 2).

It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). Having considered the experience of the respective attorneys, Mr. Geary's opinion, the Court's knowledge of market rates in the area, the undersigned finds that the hourly rates recommended by Defendants' expert are reasonable, *i.e.*, $400 for Mr. Bobo, $460 for Mr. Barlow, $450 for Mr. Eastman, $350 for Ms. Gabel, and $275 for Mr. Mirghahari, but only to the extent that they do not exceed the actual rate charged to the client, in which case the undersigned recommends using the actual rate charged to the client. *See Hodges v. Sch. Bd. of Orange Cnty., Fla.*, No. 6:11-CV-135-ORL-36, 2014 WL 6455436, at *6 (M.D. Fla. Nov. 13, 2014) (limiting an attorney's fee award to the amount actually charged, not the increased rate requested). The undersigned has applied the lower of the actual rate charged to the client or the rate recommended by Defendants' expert to the hours billed for the relevant time periods and calculated the attorney's fees requested in the amount of $475,851.30[11] as detailed below:

---

[10] Notably, Defendants did not include any information regarding comparable skills, experience, and reputation for any of the paralegals.
[11] The total of the Association Fee claim and the Individual Fee claim is $475,851.30.

### THE ASSOCIATION FEE CLAIM

| Attorney/Paralegal | Hourly Rate | Claimed Number of Hours | Total Fees |
|---|---|---|---|
| J. Allen Bobo | $400[12] | 213.6 | $85,440.00 |
| David Eastman | $400[13] | 13.1 | $5,240.00 |
| Jody B. Gabel | $350 | 24.4 | $8,540.00 |
| Mahlon H. Barlow | $450 | 149.2 | $67,140.00 |
| Ali V. Mirghahari | $247[14] | 7.1 | $1,753.70 |
| Linda Pestano (paralegal) | $120[15] | 13.4 | $1,608.00 |
| Total Hours/Fees | | 420.8 | $169,721.70 |

### THE INDIVIDUAL FEE CLAIM

| Attorney/Paralegal | Hourly Rate | Claimed Number of Hours | Total Fees |
|---|---|---|---|
| J. Allen Bobo | $400 | 220.2 | $88,080.00 |
| David Eastman | $450 | 23.4 | $10,530.00 |
| Jody B. Gabel | $350 | 19.4 | $6,790.00 |
| Mahlon H. Barlow | $450[16] | 393.7 | $177,165.00 |
| Ali V. Mirghahari | $258[17] | 68.7 | $17,724.60 |
| Linda Pestano (paralegal) | $120 | 34.8 | $4,176.00 |
| Mary Healey (paralegal) | $130[18] | 7.4 | $962.00 |
| Monica Rodgers (paralegal) | $130[19] | 5.4 | $702.00 |
| Total Hours/Fees | | 773 | $306,129.60 |

---

[12] The hourly rate recommended by Mr. Geary is $400, which does not surpass the hourly rate charged by Mr. Bobo (see Doc. 185-1, at 15-19; and Doc. 185-2, at 9).

[13] Mr. Eastman's hourly rate charged to the client during this time was $400 (Doc. 185-1, at 15-17).

[14] The average hourly rate charged for Mirghahari's work during this time period was approximately $247 (see Doc. 124, at 15).

[15] Ms. Pestano's hourly rate requested and charged to the client was $120 (Doc. 185-1, at 15-17).

[16] Out of the 393.7 hours claimed by Mr. Barlow during this time period, 6.5 hours were charged at $460/hour while the rest were charged at $450/hour (see Doc. 185-1). Therefore, the undersigned finds that $450 is a reasonable hourly rate.

[17] Mr. Mirghahari's hourly rate charged to the client during this time period was between $250-$275 (see Doc. 185-1, at 5-13). Therefore, the average hourly rate charged for Mirghahari's work during this time period was approximately $258 (see Doc. 124, at 15).

[18] The hourly rate recommended by Mr. Geary is $130, which does not surpass the hourly rate charged (see Doc. 185-1, at 8-11; and Doc. 185-2, at 16-17).

[19] The hourly rate recommended by Mr. Geary is $130, which does not surpass the hourly rate charged (see Doc. 185-1, at 5-8; and Doc. 185-2, at 16-17).

### B.    Reasonableness of the Number of Hours Expended

After determining the reasonable hourly rates, courts must then determine the number of hours reasonably expended on the litigation. In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Norman,* 836 F.2d at 1301. Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client. *Hensley*, 461 U.S. at 434. Where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge. *Norman,* 836 F.2d at 1303 (citation omitted). The tables Defendants provided indicate that they billed 1,193.8 hours defending this case (Doc. 124, at 15; Doc. 185-2, at 8-9). Plaintiffs argue that the number of hours expended is unreasonable (Doc. 186). In support, Plaintiffs provide a chart detailing the time entries to which it objects and the bases on which it objects each time entry (Doc. 186-1 & 186-2). The objections can be grouped in four categories: 1) excessive; 2) duplicative; 3) clerical; and 4) unreasonable, including block billing, travel, unrelated, computer research and indefinite.

In the instant case, although the Court awarded Defendants' attorneys' fees for only the Florida RICO claims, Defendants do not appear to have revised the fee request that was initially made before the Court ruled on entitlement. Notwithstanding, when "'a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees

for a particular claim but not others, the trial court must evaluate the relationship between the claims' to determine the scope of the fee award." *Durden v. Citicorp Tr. Bank, FSB*, 763 F. Supp. 2d 1299, 1306 (M.D. Fla. 2011) (quoting *Chodorow v. Moore*, 947 So. 2d 577, 579 (Fla. 4th DCA 2007)). Therefore, "where a particular claim is subject to a fee entitlement but one or more related claims are not, time spent marshaling the facts of the related claims is compensable because it likely would have been spent defending any one or all of the counts." *Id.* (internal quotation marks omitted). On the other hand, "time spent researching a 'discrete issue' as to a claim without a fee entitlement should not be included in a fee award." *Id.* 1306-07. "The party seeking an award of fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible." *Id.* at 1307 (internal quotation marks omitted). Issues are "inextricably intertwined" or involve a "common core of facts" when "'work for one claim cannot be distinguished from work on other claims.'" *Miller v. Miller,* 107 So. 3d 430, 433 (Fla. 4th DCA 2012) (quoting *Franzen v. Lacuna Golf Ltd. P'ship,* 717 So. 2d 1090, 1093 (Fla. 4th DCA 1998)).

Here, although Defendants' fee entitlement stems from the Florida RICO claims, most of Plaintiffs' claims resulted from the same nucleus of operative facts, were based on related legal theories, and were inextricably interwoven with the other claims, thus, exact apportionment of fees is unnecessary. *See Durden*, 763 F. Supp. 2d at 1306-07. However, while six of the seven claims in the Complaint and four of the five claims in the Amended Complaint involve a common core of facts,

Plaintiffs' ADA claims were an exception and cannot be described as inexplicably intertwined.

In their Verified Motion for Fees and Costs, Defendants stated that the requested fees were only for a portion of the fees jointly incurred and "all fees were *excluded* for: (1) any legal work unrelated to addressing the merits of the RICO, unjust enrichment, and FDUTPA claims, and (2) any legal work specifically related only to a discrete issue separate, distinct, and related only to class certification or the ADA claim" while "*some* of the work relating to establishing the Defendants' entitlement to recover their attorney's fees" had been included (Doc. 124, at 13). However, a cursory review of the billing records reveals several issues with Defendants' billing records and fees request, including block-billing, billing for work for which fees have not been awarded, and excessive or duplicative work.

It is important to note that when Judge Barber affirmed and adopted the undersigned's Report and Recommendation regarding Defendants' entitlement to attorney's fees and costs, Judge Barber also directed Defendants "to file their supplemental motion for amount of attorney's fees in accordance with the requirements of Local Rule 7.01(c)" (Doc. 169). Local Rule 7.01 states the following:

> (c) SUPPLEMENTAL MOTION ON AMOUNT. Within forty-five days after the order determining entitlement, the party claiming fees and expenses must file a supplemental motion that:
>
> > (1) describes the meet-and-confer effort but preserves any confidential settlement communication;
> >
> > (2) specifies the resolved and unresolved issues;

(3) includes a memorandum of law on any disputed issue;

(4) includes for any disputed rate or hour:

> (A) the timekeeper's identity, experience, and qualification;
>
> (B) the timekeeper's requested hours;
>
> (C) each task by the timekeeper during those hours;
>
> (D) the timekeeper's requested rate;
>
> (E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable;
>
> (F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation; and

(5) includes for a disputed non-taxable expense:

> (A) a receipt for, or other evidence of, the expense and
>
> (B) lead counsel's verification that counsel incurred the expense.

Citing Local Rule 7.01(c)(4)(E), Defendants' counsel states the following in the Supplemental Motion:

> As lead counsel:
>
> (i) I make the indicated verification;
> (ii) *Both firms representing Defendants waived the right to seek fees from the successful appeal;* and,
> (iii) Instructed the expert verifying the fees to be as conservative as possible in verifying the reasonableness of the fees.

(Doc. 185, at 8). Counsel's statement does not actually verify that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable. Rather, it verifies that counsel waived their right to seek fees from the appeal and delegated the task of reviewing each task and removing any charges that are excessive, duplicative, clerical, or otherwise unreasonable. The undersigned finds that this is not an adequate execution of Local Rule 7.01(c)(5). As the rule states, it is the responsibility of the lead counsel to verify such information, particularly because the lead counsel is supposed to be intimately involved and informed about the day-to-day development of the case and amounts billed to his clients. Additionally, as is the case here, where the court limited the entitlement of fees, it is important to have accurate and detailed billing records.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim,* 10 F.3d 776, 783 (11th Cir. 1994)). In fact, where the billing record is voluminous, "the district court need not engage in an hour-by-hour analysis[; r]ather, ... it may [ ] reduce [the hours devoted to litigation] in gross if a review of the resubmitted fee request warrants such a reduction." *Loranger,* 10 F.3d at 783.

As part of the Supplemental Motion for Fees, Defendants included an exhibit with billing statements (*see* Doc. 185-1). This exhibit is nearly identical to the one

previously filed in support of Defendants' Verified Motion for Fees and Costs (*see* Doc. 124-1). Defendants do not appear to have made much effort to review their billing statements and remove the requests for fees for entries which the Court previously found Defendants are not entitled to. For instance, there are multiple single entries related to ADA issue, for which the Court found that Defendants are not entitled to recover attorney's fees (*see* Doc. 185-1, at 17). There are also multiple time entries regarding Defendants' motion for sanctions, for which the Court has not found Defendants to be entitled to fees (*see* Doc. 185-1, at 2, 6, 7, 8, 9, 10, 11, 12, 15, 16, 20, 21, 22). Additionally, the time entries do not always specify which claim the work was connected to. For instance, some entries state that work was done in connection with the motions to dismiss (*see* Doc. 185-1, at 1, 5, 16, 18). However, the motions to dismiss were directed at all of the claims (*see* Docs. 8 & 50). There are a few instances where Defendants appear to have marked down the time spent on tasks which the Court found Defendants were not entitled to fees (*compare* Doc. 124-1, at 18, 20, *with* Doc. 185-1, at 18, 20). Notwithstanding, there is no reflected change in the number of hours claimed to have been worked based on the Verified Motion for Fees and Costs or Mr. Geary's declaration.

Moreover, it is worth noting that Defendants have gone through the trouble of redacting certain time entry descriptions although the amount billed remains visible (*see* Doc. 185-1, at 2, 3, 18, 20, 24, 25). In some cases, the entire description is redacted although it was unredacted in the previously filed exhibit in support of

Defendants' Verified Motion for Fees and Costs. For instance, the following time
entries:

| Date | ID | Description | Time | Hrly Rate | Orig Amount | Bill Amount |
|------|-----|-------------|------|-----------|-------------|-------------|
| 10/8/2019 | MHB | phone conference with co-counsel regarding ADA issues. | 0.20 | $450 | $90.00 | $90.00 |
| 10/9/2019 | MHB | phone conference with Mr. Bobo regarding ADA issues; review proposed changes from Mr. Greene. | 0.40 | $450 | $180.00 | $180.00 |

(Doc. 124-1, at 7), are redacted in Exhibit A in support of Defendants' Supplemental
Motion but for the hourly rate, original amount, and bill amount (Doc. 185-1, at 7).
It is also noteworthy that these time entries happen to be for fees that the Court did
not find entitlement and that are not inextricably intertwined or involved a common
core of facts with the awarded claims.

There are also instances of block-billing, excessive, and duplicative work.
Indeed, many of the entries consist of block billing, wherein counsel lump together
multiple activities in a single entry with no indication of how much time counsel
spent on each task (*see* Doc. 185-1). For instance:

| Date | ID | Description | Time | Hrly Rate | Orig Amount | Bill Amount |
|------|-----|-------------|------|-----------|-------------|-------------|
| 2/11/2019 | JAB | Review of complaint after reading detailed pleading requirement cases over weekend; notes for our various defensive motions; telephone conference with Steve re: NML visit by Natalie Liberstein on Tuesday; telephone conference with | 7.80 | $450 | $3,510.00 | $3,510.00 |

| | | Tripp Barlow; telephone conference with Randy; continue to gather facts. | | | | |
|---|---|---|---|---|---|---|
| 2/25/2019 | MHB | phone conference with Mr. Bobo; review and revise insert regarding Lawyer Predicate Acts; beef-up prolixity argument; prepare for and participate in conference call. | 3.30 | $450 | $1,485.00 | $1,485.00 |

(Doc. 185-1, at 15, 1 *respectively*).

Defendants' expert, Mr. Geary, recommended a 20% reduction as to the claimed attorney's fees for the attorneys at Sivyer Barlow & Watson P.A.,[20] and a 25% reduction for Mr. Bobo's time, 20% reduction to Mr. Eastman's time, and 20% reduction to Ms. Gabel's time (Doc. 185-2, at 16-17). Mr. Geary cited some "clearly" duplicative work performed by the two law firms, time entries lacking adequate descriptions, and tasks where time was spent on issues or motions that were premature or unnecessary. All in all, Mr. Geary recommended a reduction of approximately 25% to Defendants' fee request.[21]

Given these discrepancies and examples of block-billing, excessive or duplicative work, hours unrelated to entitled fees, and the expert's opinion, the undersigned recommends an across-the-board reduction of 25% to Defendants' fee award. *See Pass-A-Grille Beach Cmty. Church, Inc. v. City of St. Pete Beach*, No. 8:20-CV-1952-TPB-SPF, 2022 WL 1242482, at *6 (M.D. Fla. Apr. 11, 2022), *report and*

---

[20] Mr. Barlow and Mr. Mirghahari are part of Sivyer Barlow & Watson P.A.
[21] Mr. Geary opined that the reasonable fees the association claim was $134,396.00 and the reasonable fees for the individual fee claim was $241,842.00 (Doc. 185-2, at 18). $134,396.00 + $241,842.00 = $376,238.00 → $376,238/$498,608 = 75.45%.

*recommendation adopted,* No. 820CV01952TPBSPF, 2022 WL 1239352 (M.D. Fla. Apr. 27, 2022) (applying a 15% across-the-board reduction was warranted based on billing records containing numerous entries for "strategy conferences" involving multiple lawyers, as well as numerous entries involving calls and emails without reference to the subject matter of those communications and clerical work); *United States ex rel. Higgins v. HealthSouth Corp.*, No. xx, 2020 WL 1529563, at *6 (M.D. Fla. Mar. 31, 2020) (applying a 20% across-the-board reduction for excessive time, clerical work and block billing); *Barmapov v. Amuail*, No. 18-CV-80390, 2020 WL 5899504, at *11 (S.D. Fla. Feb. 24, 2020), *report and recommendation adopted sub nom. Barmapov v. Amuial*, No. 9:18-CV-80390-WPD, 2020 WL 5886896 (S.D. Fla. Oct. 5, 2020) (applying 35% across-the-board reduction based on claims that were not inextricably intertwined to fee entitlement and billing deficiencies)

Accordingly, the undersigned recommends a 25% across the board reduction to the amount of $475,851.30, for a final lodestar amount of $356,888.48.

### C.    Costs Pursuant to Rule 54 and 28 U.S.C. § 1920

In the Supplemental Motion Defendants seek costs in the amount of $9,365.20 pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. According to Defendants, these costs relate to the printed or electronically recorded transcripts necessarily obtained for use in the case (Doc. 185, at 9). Rule 54(d)(1) provides that costs shall be allowed as a matter of course to a prevailing party unless the court directs otherwise. Fed. R. Civ. P. 54(d)(1). The rule, however, does not permit "unrestrained discretion to tax costs to reimburse a winning litigant for every

expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). Instead, costs awarded under Rule 54(d)(1) are limited to the list of items set forth in 28 U.S.C. § 1920 and related statutes. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Pursuant to 28 U.S.C. § 1920, the following may be taxed as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under [28 U.S.C. § 1923]; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim, et al.*, 10 F.3d 776, 784 (11th Cir. 1994). Failing to provide "sufficient detail or supporting documentation" for taxing costs can lead to a denial of them. *See Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-cv-307-GJK, 2016 WL 7325544, at *2 (M.D. Fla. Aug. 31, 2016).

In the previous Report and Recommendation, the undersigned recommended denying without prejudice Defendants' request for costs, in

particular their request for $21,060.22 in service fees and transcript costs for depositions, hearings, and the transcription of Plaintiffs' counsel's presentation to the Association because it was not clearly supported by the record (Doc. 166, at 18-24). Specifically, the undersigned noted that Defendants failed to explain the deposition charges that appeared in the "Costs and Expenses" section of the Statement of Account or why videotaped copies were necessary (Doc. 164, at 23). For instance, the undersigned noted that there were multiple charges for the deposition of James Driskell, including a videotaped deposition, without explanation as to the multiple charges or why a videotape was necessary (Doc. 164, at 23). The undersigned also noted that added cost of all the transcript charges which appeared on the Statement of Account (Doc. 124, Ex. A) was greater than the total requested by Defendants (Doc. 164, at 23).

According to Defendants, they have "stripped down" their request for costs and seek to recover only $9,365.20 in taxable costs for deposition transcripts of Plaintiffs and officers and directors of the Plaintiff Association and state that the costs associated with video depositions are not sought and have been removed (Doc. 185 at 9). However, the Statement of Account of Costs and Expenses submitted in support of the Supplemental Motion suffers from some of the same issues as the Verified Motion for Fees and Costs. Mainly, it is not obvious what specific deposition costs Defendants are asserting to justify the requested amount of $9,365.20.[22] Despite Defendants' failure to properly identify and justify the

---

[22] Notably, Plaintiffs do not specifically object to Defendants' requested amount for costs.

requested deposition costs, the undersigned is satisfied that the following depositions were necessary: Daniel Perry, James Driskell, Barbara Griffin, Phillip Featherbay, Linda Gledhill, Joette Kelly, Cathy Liska, Sherry Atwood, and Don Gledhill. The costs for those depositions total over $9,500.00. In other words, the added cost of the necessary transcript charges that appear on the Statement of Account is greater than the total requested amount by Defendants (*see* Doc. 185-1, at 28-31). Thus, Defendants' request for costs in the amount of $9,365.20 is warranted.

Accordingly, it is hereby

RECOMMENDED:

1.     Defendants' Supplemental Motion for Attorney's Fees and Costs (Doc. 185) be GRANTED as follows:

    a.     Defendants be awarded attorney's fees in the amount of $356,888.48.

    b.     Defendants be awarded $9,365.20 in costs.

IT IS SO REPORTED in Tampa, Florida, on this 11th day of August, 2021.


ANTHONY E. PORCELLI
United States Magistrate Judge

23

## **NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:    Hon. Thomas P. Barber
       Counsel of Record