UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCHALAMAR CREEK MOBILE
HOMEOWNER'S ASSOCIATION,
INC., *et al.*,

        Plaintiffs,

v.                                Case No. 8:19-cv-291-TPB-AEP

STEVEN ADLER, *et al.*,

        Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

This cause comes before the Court upon Defendant Schalamar GP, Inc.'s Motion for Sanctions pursuant to Rule 11 (Doc. 172) and Section 57.105, Florida Statutes (Doc. 173); Defendant Randall Knapp's Motion for Sanctions pursuant to Rule 11 (Doc. 174) and Section 57.105 (Doc. 175); and Defendants[1] Motion for Sanction pursuant to Rule 11 and Section 57.105 (Doc. 176). Plaintiffs filed an Omnibus Response in Opposition to the Motions for Sanctions (Docs. 181, 182). For the reasons discussed below, it is recommended that the motions be denied.

---

[1] The following Defendants filed the Motion: Steve Adler, Lorraine DeMarco, R. Scott Provost, Charles Crook, Marti Newkirk, Murex Properties, LLC, The Northwestern Mutual Life Insurance Company, Randall Knapp, Julie Jennings, f/k/a Julie Knapp, J & J Sanitation Services Inc., Osprey Links, LLC, Schalamar GP, Inc., Richard Lee, David Eastman, and Lutz, Bobo & Telfair, P.A., d/b/a Lutz, Bobo, Telfair, Eastman & Lee, f/k/a Lutz, Webb & Bobo, P.A.

## I.    Background

Plaintiff Schalamar Creek Mobile Homeowner's Association, Inc. (the "Plaintiff Association") is the mobile homeowner's association in the Schalamar Creek Golf Mobile Home Park ("Schalamar Creek Park") (Doc. 2, at ¶¶ 17-20). On February 5, 2019, the Plaintiff Association filed a Complaint on behalf of current and former homeowners (Doc. 2). The Complaint alleged violations of the federal and state Racketeer Influenced and Corrupt Organizations Act ("RICO"), unjust enrichment, violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), and violations of the Americans with Disabilities Act ("ADA") against 16 defendants: the individual and corporate current and former owners and operators of Schalamar Creek Park, a sanitation company and its owner, a law firm and attorneys of that law firm, and a manufactured housing association (Doc. 2, at ¶¶ 22-50).

The Plaintiff Association's claims raised several allegations, including the alleged wrongdoing related to the sale of Schalamar Creek Park in 2011, which resulted in higher pass-on ad valorem taxes for the mobile homeowners and allegations that in 2016, Defendants induced the mobile homeowners to sign a new prospectus which altered their lot rents and their resale rights (Doc. 2). Defendants moved to dismiss the initial Complaint (Docs. 8 & 11). The Court granted Defendants' motion to dismiss without prejudice (Doc. 36). The Court found that the Plaintiff Association lacked standing to assert any of the claims in the initial Complaint other than the ADA claim (Doc. 36). The Court also found that the

Plaintiff Association's RICO claims failed for lack of specificity because the Plaintiff Association failed to state with particularity the circumstances constituting fraud and failed to allege facts with respect to each Defendants' participation in the fraud (Doc. 36, at 19). Additionally, the Plaintiff Association failed to enumerate racketeering activities (Doc. 36, at 19).

On July 1, 2019, the Plaintiff Association and the additional Individual Plaintiffs[2] (collectively "Plaintiffs") filed an Amended Complaint (Doc. 44). The Individual Plaintiffs raised four federal and state RICO and RICO conspiracy claims and the Plaintiff Association raised an ADA claim (Doc. 44).[3] Defendants moved to dismiss the Amended Complaint (Doc. 50), which the Court denied (Doc. 67). Defendants also moved for sanctions against the Plaintiff Association and its counsel under Section 57.105, Florida Statutes and Federal Rule of Civil Procedure 11, and moved for a bond under Section 501.211, Florida Statutes (Docs. 48 & 49). The Court denied the motions for sanctions without prejudice, holding that they were premature and that the Court would not enter a piecemeal judgment regarding attorney's fees and costs so early in the case (Doc. 61, at 1-2). In addressing Defendants' request for a bond, the Court noted that it was not persuaded that the FDUTPA claim was "so meritless or frivolous as to warrant the necessity of an

---

[2] Sherry Atwood, James Driskell, Phil Featherbay, Don Gledhill, Linda Gledhill, Barb Griffin, Joette Kelly, and Cathy Liska (collectively "Individual Plaintiffs").
[3] Plaintiffs filed the Amended Complaint against the following Defendants: Steven Adler; Lorraine DeMarco; R. Scott Provost; Charles Crook; Marti Newkirk; Murex Properties, LLC; The Northwestern Mutual Life Insurance Company; Randall Knapp; Osprey Links, LLC; Schalamar GP, Inc.; Richard Lee; David Eastman; and Lutz, Bobo & Telfair, P.A. (collectively "Defendants").

evidentiary hearing or a bond," or that the claim was intended to harass Defendants (Doc. 61, at 3) (citation omitted). The Court also noted that to the extent Defendants were requesting sanctions under Rule 11 and Section 57.105, Defendants failed to present any argument as to why either form of sanctions was warranted (Doc. 61, at 3). On August 12, 2019, Defendants again moved for sanctions under Rule 11 and Section 57.105 (Doc. 58). The Court denied Defendants' motion without prejudice, again finding that it was premature and would deal with issues regarding fees and costs at the conclusion of the case (Doc. 67).

Subsequently, Defendants Richard Lee and David Eastman, their law firm Lutz, Bobo & Telfair, P.A., and former owners of the mobile home park, Randall Knapp and Schalamar GP, Inc., moved for summary judgment on the RICO claims (Docs. 92 & 93). The Court granted summary judgment in favor of the movant Defendants on the RICO claims (Doc. 103). The Court found that the Individual Plaintiffs lacked standing to assert claims based on alleged wrongdoing related to the sale of Schalamar Creek Park, which allegedly resulted in higher pass-on ad valorem taxes for the mobile homeowners (Doc. 103, at 5-6). Similarly, the Court found that the Individual Plaintiffs lacked standing to assert claims related to Defendants' allegedly forcing new homeowners to enter into rental agreements subject to a new prospectus (Doc. 103, at 7). The Court found that the Individual Plaintiffs' claims were disjointed, lacked factual support, and bore no causal connection to the acts about which the Individual Plaintiffs complained (Doc. 103, at 8). The Court also ordered the Individual Plaintiffs to show cause why the non-

movant Defendants were not also entitled to summary judgment on the RICO claims. *Id.*

The Individual Plaintiffs responded to the Court's Order to Show Cause and argued that each of them had standing "regarding" some of the non-movant Defendants (Marti Newkirk, Lorraine DeMarco, and Murex Properties, LLC), but did not raise any arguments regarding the remaining non-movant Defendants (Doc. 107). The Court concluded that the Individual Plaintiffs' claims against non-movant Defendants Newkirk, DeMarco, and Murex Properties, LLC should survive because the Individual Plaintiffs only addressed standing regarding those Defendants in response to the Court's Order to Show Cause (Doc. 109, at 2).[4] The Court granted summary judgment in favor of non-movant Defendants Steven Adler, R. Scott Provost, Charles Crook, The Northwestern Mutual Life Insurance Company, and Osprey Links, LLC on the Individual Plaintiffs' RICO claims (Doc. 109, at 2).

The remaining Defendants moved for summary judgment (Doc. 110). The Court granted summary judgment in favor of the remaining Defendants on the RICO claims (Doc. 121, at 4-6).[5] The Court also granted summary judgment against

---

[4] One of the Individual Plaintiffs – Barb Griffin – failed to respond to the Court's Order to Show Cause and as a result, the Court concluded that she lacked standing to bring the RICO claims and granted summary judgment in favor of the non-movant Defendants on her claims (Doc. 109, at 2).

[5] The case was reassigned from U.S. District Judge James S. Moody, Jr. to U.S. District Judge Thomas P. Barber during the pendency of the remaining Defendants' motion for summary judgment (Doc. 116). Judge Moody granted summary judgment in favor of Defendants Richard Lee, David Eastman, Lutz, Bobo & Telfair, P.A., Randall Knapp, Schalamar GP, Inc., Steven Adler, R. Scott Provost, Charles Crook, The Northwestern

the Plaintiff Association on the ADA claim (Doc. 121, at 6-7). Plaintiffs appealed the summary judgment order entered in Defendants' favor on the federal RICO claims and the ADA claim. The Eleventh Circuit Court upheld the district court's decisions. *See Schalamar Creek Mobile Homeowner's Ass'n, Inc. v. Adler*, 855 F. App'x 546 (11th Cir. 2021).

On September 9, 2020, while the appeal was pending, Defendants moved for Sanctions pursuant to Rule 11 and Section 57.105 (Doc. 136). Simultaneously with the motion, Defendants filed a notice stating that the motion at Doc. 136 had been originally served on Plaintiffs on March 26, 2019, and previously filed with the Court on August 12, 2019 as Doc. 58 (Doc. 141). Along with the motion for sanctions, Defendants Randall Knapp ("Knapp") and Schalamar GP Inc. ("Schalamar GP"), filed separate motions for sanctions pursuant to Rule 11 and Section 57.105 (Docs. 137, 138, 139, 140). Defendants Knapp and Schalamar GP also noted that their motions had been originally served on Plaintiffs on October 31, 2019. The Court denied the motions without prejudice, holding that Defendants could renew their motion or submit a supplemental motion after resolution of the pending appeal (Doc. 155). After the resolution of the appeal, Defendants filed a Notice of Renewal and Refiling of Defendants' Motions for Sanctions (Doc. 157). The Court entered an Order directing Defendants to refile – as separate documents – any motions for sanctions they wished to pursue (Doc. 171). Subsequently,

---

Mutual Life Insurance Company, and Osprey Links, LLC (Docs. 103 & 109). Judge Barber granted summary judgment in favor of the remaining Defendants (Doc. 121).

Defendants filed the motions at issue now (*see* Docs. 172, 173, 174, 175, 176). Simultaneously with the motions at issue here, Defendants filed a notice stating that Defendants' motion for sanctions at Doc. 176 was previously filed at Doc. 136, Defendant Knapp's motions had been previously filed at Docs. 138 & 139 and Schalamar GP's motions had been previously filed at Docs. 139 & 140 (*see* Doc. 177).

## II.   Discussion

Defendants seeks attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure and Section 57.105, Florida Statutes. "The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (citation omitted). Rule 11 provides:

> By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 sanctions are warranted when: (1) a party files a pleading that lacks reasonable basis; (2) a party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) a party files a pleading in bad faith for an improper purpose. *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (per curiam) (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)). The court has discretion to determine whether a party has violated Rule 11 and if so, what sanctions to impose to the violating party. *Id*. "The standard for testing conduct under amended Rule 11 is 'reasonableness under the circumstances. . . .'" *United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988) (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987)). Courts determine whether a reasonable attorney in like circumstances could believe his or her actions were factually and legally justified. *In re Engle Cases*, 283 F. Supp. 3d 1174, 1211 (M.D. Fla. 2017) (citations omitted). Bad faith is not necessarily required to constitute a violation of Rule 11. *Id.*

In considering Rule 11 motions for sanctions, a court asks: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). The court should avoid using the "wisdom of hindsight" and should "test the signer's conduct by inquiring what was reasonable

to believe at the time the pleading, motion, or other paper was submitted." *Peer,* 606 F.3d at 1311 (quoting Fed. R. Civ. P. 11 advisory committee note of 1983).

"[A] party seeking Rule 11 sanctions must comply with two procedural requirements: (1) the party must file a separate motion seeking the sanctions and describe the specific conduct warranting sanctions and (2) the party must serve the motion on the opposing party pursuant to Rule 5, but cannot file the motion with the Court until after the offending party has been provided with twenty-one days in which to cure the challenged filing/behavior. This second requirement is commonly referred to as the 'safe harbor' requirement." *Ross v. Dep't of Children*, No. 3:13-CV-1185-J-39JRK, 2014 WL 12628541, at *2 (M.D. Fla. May 27, 2014) (citing Fed. R. Civ. P. 11(c)(2)). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1). Rule 11 sanctions are varied, allowing for nonmonetary directives, penalties, or payment to the movant of part or all of the reasonable attorney's fees and expenses directly resulting from the violation. Fed. R. Civ. P. 11(c)(4).

Similarly, Section 57.105(1), Florida Statutes is intended to "discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these

activities." *Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1227 (11th Cir. 2003)

(quotation and citations omitted). Section 57.105 provides, in relevant part:

> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
>> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>>
>> (b) Would not be supported by the application of then-existing law to those material facts.

Fla. Stat. § 57.105. "[S]ection 57.105 fees can only be awarded in cases where there

is 'a complete absence of a justiciable issue of either law or fact raised by the losing

party.'" *Bitterman v. Bitterman*, 714 So. 2d 356, 364-65 (Fla. 1998) (quoting Whitten

v. *Progressive Casualty Insurance Co.*, 410 So. 2d 501, 505 (Fla. 1982)). While these

sanctions arise from state law, the Eleventh Circuit has ruled that "[a]ttorney's fees

pursuant to Florida Statute § 57.105 may be awarded to the prevailing party in a

suit brought in federal court." *BankAtlantic v. Blythe Eastman Paine Webber. Inc.,* 955

F.2d 1467, 1478 n. 11 (11th Cir. 1992).

Both Rule 11 and § 57.105 contain safe harbor provisions requiring the

moving party to serve the offending party with the motion at least 21 days before

the motion is filed with the court. The moving party cannot file the motion if, within

those 21 days, the offending party withdraws or corrects the challenged conduct.

*See* Fed. R. Civ. P. 11(c)(2); Fla. Stat. § 57.105(4).

A.   **Defendant Schalamar GP, Inc.'s Motion for Sanctions pursuant to Rule 11 (Doc. 172) and Section 57.105 (Doc. 173); Defendant Randall Knapp's Motion for Sanctions pursuant to Rule 11 (Doc. 174) and Section 57.105 (Doc. 175)**

Defendants Schalamar GP and Knapp argue that Plaintiffs' RICO claims had multiple deficiencies. According to Defendants, a reasonable pre-suit investigation would have demonstrated the factual and legal deficiencies in Plaintiffs' RICO claims, which Defendants Schalamar GP and Knapp argue, have been clear from the outset. Plaintiffs generally argue that Defendants' motions should be denied because they were not filed separately and do not contain a certificate of conferral as required by Local Rule 3.01(g). Additionally, Plaintiffs argue that the claims were not baseless because Judge Moody denied Defendants' Motion to Dismiss the Amended Complaint.

Before addressing the substantive arguments, it is worth noting that Defendants' instant motions for sanctions pursuant to Rule 11 and Section 57.105 were appropriately made separate from other motions or requests. Although Defendants did not include a certificate of conferral in their motions, the undersigned does not find that to be sufficient reason to strike or deny the motions in the instant case.

Now, turning to the substantive issues raised by Defendants Knapp and Schalamar GP. Defendants Knapp and Schalamar GP argue that Plaintiffs' RICO claims were unsupported because the offer to purchase Schalamar Creek Park in 2011 was "unsolicited," the Individual Plaintiffs lacked standing to bring any claim based on the 2011 sale, the Association made an offer to purchase the Park, and any

11

RICO claims arising from the sale eight years ago were barred by the applicable statute of limitations. Moreover, Defendants Knapp and Schalamar GP argue that even if they had been somehow involved in deceiving the Association to frustrate the statutory rights under the FMHA, that single act could not give rise to an actionable RICO claim against them. While Defendants Knapp and Schalamar GP's arguments are well-taken, in fact they are the reason why the Court granted summary judgment in their favor, they do not necessarily support sanctions in the instant case because Rule 11 and Section 57.105 are not an automatic penalty to be assessed against an attorney or party for advocating the losing side of an issue. *See Peer*, 606 F.3d at 1311–12.

However, the undersigned acknowledges that this is a close call. Plaintiffs' counsel, Mr. Daniel Perry, should heed this warning, "[r]easonable attorneys "*stop and think* before filing [civil RICO claims]." *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991), *abrogated on other grounds by Bridge v. Phx. Bond & Indem. Co.*, 553 U.S. 639 (2008). Mr. Perry has had several opportunities to refine his claims, both in this case and others, and should know well by now the pleading requirements under the Federal Rules of Civil Procedure and to conduct a reasonable investigation into the law and facts before filing a lawsuit. In the instant case, Mr. Perry's filings have been deficient, often failing to directly address arguments raised by Defendants, or doing so superficially without thorough analysis (*see* Doc. 36 (noting Plaintiffs' failure to address multiple arguments); Doc. 103 (noting Plaintiffs' failure to address standing); Doc. 109 (noting Plaintiffs' failure to raise

any arguments regarding certain non-movants, resulting in summary judgements in favor of those non-movants)). Even in its eight-page response to these motions (of which only four contain argument), Mr. Perry fails to thoroughly analyze Defendants' arguments. This underscores the undersigned's conclusion that this is a close call.

Nevertheless, the undersigned recommends that Defendants Knapp and Schalamar GP's motions be denied. In granting Defendants' Motion to Dismiss the Complaint, Judge Moody thoroughly reviewed the claims and the Plaintiff Association's deficiencies in asserting those claims (Doc. 36). Judge Moody agreed with Defendants' argument that the Plaintiff Associations' claims required participation of individual homeowners because, among other things, "'the adjudication of claims for money damages would require the kinds of individualized proof that run afoul of the third prong for associational standing enunciated in *Hunt*.' *Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296, 1305 (11th Cir. 2010) (internal quotation omitted)" (Doc. 21, at, 9). Thus, because the RICO claims and the claim for unjust enrichment required individualized participation by each homeowner, they could not proceed under a theory of associational standing (*see* Doc. 21, at 9-11). As a result, the Individual Plaintiffs brought the RICO claims in the Amended Complaint (*see* Doc. 44).

Subsequently, Defendants moved to dismiss the Amended Complaint, arguing that Plaintiffs' RICO allegations failed the pleading requirements of Federal Rule of Civil Procedure 9(b), failed to allege enough facts to state a claim to relief

that was plausible on its face, and failed to state a claim under the ADA (Doc. 67, at 3-4). Judge Moody disagreed, finding that "[i]n the Amended Complaint, Plaintiffs specify the names of the individual defendants who committed the acts, include additional allegations regarding the fraudulent communications sent using the U.S. Postal Service, omit allegations that the Court previously concluded were insufficient, and abandon claims that the Court dismissed for lack of standing" and found that "Plaintiffs' Amended Complaint, along with the attached exhibits, are sufficient to plead claims of RICO and the ADA pursuant to Rule 8 and Rule 9(b)" (Doc. 67, at 4-6).

Although in granting summary judgment in favor of Defendants Richard Lee, David Eastman, Lutz, Bobo & Telfair, P.A., Randall Knapp, and Schalamar GP, Inc., Judge Moody found that the Individual Plaintiffs' RICO claims were "disjointed, lack[ed] factual support, and b[ore] no causal connection to the acts about which Individual Plaintiffs complain[ed]" (Doc. 103, at 8), hindsight is all-knowing. *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) ("The grant of summary judgment, in and of itself, does not mean that an action is frivolous or warrants the imposition of sanctions."). The RICO claims were not objectively unreasonable when Plaintiffs refiled it, especially in light of the Court's Order dismissing the Plaintiff Association's RICO claims due to lack of standing but permitting them to refile it and telling them how to do so (*see* Doc. 36). This is even more apparent when comparing this to Judge Barber's finding in granting summary judgment in the ADA Defendants' favor and finding that "[a]lthough the

Association has requested leave to correct any deficiencies in [the ADA] count, the Court declines to permit amendment because the Association cannot satisfy the second prong of the *Hunt* test as a matter of law" (Doc. 121, at 7). Thus, a reasonable lawyer could interpret the first order of dismissal as inviting better-pleaded RICO claims. Plaintiffs took that opportunity and instead of the Plaintiff Association refiling the RICO claims, the Individual Plaintiffs brought the RICO claims in the Amended Complaint, presumably in an attempt to cure the standing issues raised in the Motion to Dismiss the Complaint. Moreover, the Court denied Defendants Motion to Dismiss the Amended Complaint, finding that the Individual Plaintiffs had sufficiently plead the RICO claims (Doc. 67). Therefore, the undersigned cannot say that based on this record, it was objectively frivolous for Plaintiffs to file the Amended Complaint. *See Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912 (11th Cir. 2003) (holding that district court abused its discretion in imposing Rule 11 sanctions for filing a second amended complaint asserting a RICO claim after first amended complaint, which also asserted a RICO claim, was dismissed for failure to state a claim).

For the same reasons, Plaintiffs' claims are not so baseless as to warrant sanctions under Section 57.105. *See Vasquez*, 795 So. 2d at 218 ("Attorney's fees are awarded under section 57.105 . . . where there is a total or absolute lack of justiciable issues of either law or fact, this being tantamount to a finding that the action is frivolous or completely untenable.").

**B.    Defendants[6] Motion for Sanctions pursuant to Rule 11 and Section 57.105 (Doc. 176)**

Defendants' motion focuses on the Plaintiff Association's Original Complaint and argues that the action was filed without any basis in law or fact and without any investigation. Defendants specifically argue that the Plaintiff Association asserted claims outside the statute of limitations and raised frivolous claims. Among other things, Plaintiffs argue that a lawyer may properly pursue time-barred claims and that evidence showed that some of the defendants conspired to deprive the Plaintiff Association and the mobile park homeowners through a solicited sale of the park.

As an initial matter there are some procedural concerns with Defendants' motion that are not raised by Plaintiffs. Defendants state that the Motion for Sanctions was served on Plaintiff's counsel "shortly after Defendants appeared in the case and before any hearings have been held" (Doc. 176, at 4). However, the Motion references Judge Barber's Order granting summary judgment to the RICO Defendants and against the Individual Plaintiffs (Doc. 121), which occurred significantly after Defendants appeared in the case.

The motion currently pending before the Court (Doc. 176) is substantially similar to the motions filed in August 2019 (Doc. 58) and September 2020 (Doc.

---

[6] The following Defendants filed the instant Motion: Steve Adler, Lorraine DeMarco, R. Scott Provost, Charles Crook, Marti Newkirk, Murex Properties, LLC, The Northwestern Mutual Life Insurance Company, Randall Knapp, Julie Jennings, f/k/a Julie Knapp, J & J Sanitation Services Inc., Osprey Links, LLC, Schalamar GP, Inc., Richard Lee, David Eastman, and Lutz, Bobo & Telfair, P.A., d/b/a Lutz, Bobo, Telfair, Eastman & Lee, f/k/a Lutz, Webb & Bobo, P.A.

136). In fact, contemporaneously to filing of the instant motion, Defendants filed a notice (Doc. 177) stating that Defendants' Motion for Sanctions (Doc. 176) was formerly filed as Doc. 136. In Defendants' Notice of Filing Motion for Sanctions (Doc. 141), filed contemporaneously with the previous Motion for Sanctions (Doc. 136), Defendants alleged that the motion had been originally served on the Plaintiff Association on March 26, 2019 and previously filed with the Court on August 12, 2019 (*see* Doc. 58, at 4 ¶15, 10). Nevertheless, the instant motion removes all references to the Plaintiff Association's claims pursuant to FDUTPA, ADA, and unjust enrichment (*compare* Doc. 158, at 4 *with* Doc. 176, at 3-4). Additionally, as previously stated, Defendants reference Judge Barber's Order granting summary judgment to the RICO Defendants and against the Individual Plaintiffs (Doc. 121), which occurred after the motion was originally filed in August 2019. Moreover, in the instant motion, Defendants argue that Plaintiffs' counsel is pursuing an active and ongoing practice to file claims causing his clients to suffer the award of substantial fees and relies on a recent decision from another case in the Southern District of Florida (Doc. 176, at 4, 11-18), which was not included in the original motion (*see* Docs. 58 & 136). However, because Plaintiffs fail to argue that Defendants failed to comply with the 21-day safe harbor requirement, it is unclear whether the Defendants properly served Plaintiffs' counsel with the instant motion before filing it on January 31, 2022. Therefore, because Plaintiffs do not raise this issue and the motions are substantially similar, the undersigned does not find reason

to strike the pending motion at this time for failing to comply with the safe harbor requirements.

Turning to Defendants' substantive arguments. "To state a claim under RICO, 18 U.S.C. § 1962(c), plaintiffs must allege four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lawrie v. Ginn Dev. Co., LLC*, 656 Fed. Appx. 464, 467 (11th Cir. 2016). A "pattern of racketeering activity . . . requires at least two predicate acts of racketeering activities as defined by 18 U.S.C. § 1961(1)." *Symonette v. V.A. Leasing Corp.*, 648 Fed. Appx. 787, 790 (11th Cir. 2016) (citing 18 U.S.C. § 1961). Racketeering activities are "only acts that are 'indictable' (or, what amounts to the same thing, 'chargeable' or 'punishable') under one of the statutes identified in § 1961(1)." *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2102 (2016).

In the Order dismissing the Plaintiff Association's Complaint, Judge Moody found that the Plaintiff Association's RICO claims failed for lack of specificity and dismissed the claims without prejudice (Doc. 36, at 17-21). Judge Moody noted that the Plaintiff Association's alleged racketeering activities consisted mostly of lobbying efforts, a published column, and a letter to an Association board member, and could not support the claims because they were protected by the *Noerr-Pennington* immunity, the First Amendment, or both (Doc. 36, at 19). Judge Moody also noted that because the Plaintiff Association improperly lumped all Defendants together, it was difficult to ascertain which Defendants did what and when, thus, if the Plaintiff Association filed an amended complaint, Defendants could raise the

statute of limitations argument again as it related to specific Defendants (Doc. 36, at 16-17).

Although the Plaintiff Association's Complaint lacked specificity and factual support for its claims, the Court dismissed the claims without prejudice and allowed the Plaintiff Association to file an amended complaint (Doc. 36). The Plaintiff Association's claims regarding the alleged racketeering activities may have lacked specificity as pleaded, but Defendants Schalamar GP and Knapp have not demonstrated that the attempt was necessarily frivolous. As such, the undersigned cannot conclude that only an unreasonable lawyer would have pled those claims.

Accordingly, it is hereby

RECOMMENDED:

1.     Defendant Schalamar GP Motion for Rule 11 Sanctions (Doc. 172) and Motion for Sanctions pursuant to Section 57.105, Florida Statutes (Doc. 173); Defendant Randall Knapp's Motion for Rule 11 Sanctions (Doc. 174) and Motion for Sanctions pursuant to Section 57.105, Florida Statutes (Doc. 175); and Defendants' Motion for Sanctions pursuant to Rule 11 and Section 57.105, Florida Statutes (Doc. 176) be DENIED.

IT IS SO REPORTED in Tampa, Florida, on this 11th day of August, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc: Hon. Thomas P. Barber
   Counsel of Record