UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCHALAMAR CREEK MOBILE
HOMEOWNER'S ASSOCIATION,
INC., et al.,

    Plaintiffs,

v.                                           Case No. 8:19-cv-291-TPB-AEP

STEVEN ADLER, et al.,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR
## ENTRY OF FINAL JUDGMENT OF GARNISHMENT

This matter comes before the Court on Defendants' "Motion for Entry of Final Judgment of Garnishment," filed on June 2, 2023. (Doc. 220). Neither Schalamar Creek Mobile Homeowner's Association nor any other party responded to the motion, and the time for doing so has lapsed. *See* Local Rule 3.01(c). Upon review of the motion, court file, and record, the Court finds as follows:

Defendants seek entry of a judgment of garnishment against Garnishee Citizens Bank and Trust in the amount of $13,790.86 to assist in the satisfaction of a judgment entered against Plaintiffs, jointly and severally, in this case. The Magistrate Judge granted Defendants' motion for writ of garnishment on May 1, 2023, and, the next day, the Clerk of Court issued a writ of garnishment to Citizens along with the required notice to Schalamar Creek of its rights pursuant to § 77.041(1), *F.S.* On May 4, 2023, Citizens answered the Writ, identifying a checking

account with an available balance of $13,790.86. Citizens restrained the total amount.

Defendants served Schalamar Creek with proper notice of the Writ and of Citizen's answer to the Writ. No one objected, filed a claim of exemption, or moved to dissolve the Writ. As of the filing of the instant motion, the judgment against Plaintiffs remains outstanding, with interest accruing pursuant to applicable law. Accordingly, Defendants now move for entry of judgment in garnishment as to Citizens in the amount of $13,790.86.

## Legal Standard

A party may enforce a money judgment by a writ of execution unless a court directs otherwise. Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Florida's procedure in aid of execution governs the instant motion. *PACA Trust Creditors of Worldwide ex rel. Worldwide Produce & Groceries, Inc. v. Harbour Lobster & Fish Co.*, No. 12-24288-Civ, 2015 WL 1825947, at *1 (S.D. Fla. Apr. 21, 2015). To that end, Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment and controls in this case. *Id.*

In Florida, every person or entity who has recovered a judgment in any court against any person or entity possesses a right to a writ of garnishment. § 77.01, *F.S.* Before a writ of garnishment can be issued, a plaintiff must file a motion

stating the amount of the judgment. § 77.03, *F.S.* After issuance of a writ of garnishment, a plaintiff must provide the defendant with two separate notices – (1) a copy of the writ of garnishment, and, if the defendant is an individual, a statutorily required notice to the defendant, within five business days after the writ is issued or three business days after the writ is served on the garnishee, whichever is later; and (2) to the extent a garnishee answers the writ, a copy of the garnishee's answer and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. §§ 77.041(1) & (2), 77.055, *F.S.*; *see PACA Trust Creditors of Worldwide*, 2015 WL 1825947, at *2. For each notice, the plaintiff must mail the notice to the defendant's last known address and must file a certificate of service in the proceeding. §§ 77.041(2), 77.055, *F.S.* In addition, the plaintiff must serve the copy of the garnishee's answer and the requisite notice on any other person disclosed in the garnishee's answer to have any ownership interest in the account controlled by the garnishee. § 77.055, *F.S.*

    A writ of garnishment may be dissolved on a motion filed by the defendant or any other person having an ownership interest in the property, as disclosed by the garnishee's answer, within 20 days after service on the defendant and on any other person receiving notice from the plaintiff, stating that any allegation in the plaintiff's motion for writ is untrue. § 77.07(2), *F.S.* A claim of exemption must also be filed within 20 days of receipt of notice of the writ of garnishment. § 77.041(1),

*F.S.* When a plaintiff shows that the defendant was served with the statutorily required notices but failed to appear or otherwise respond to the writ of garnishment, the plaintiff meets the statutory requirements for a judgment of garnishment. *Nationwide Judgment Recovery, Inc. v. Pateau*, No. 6:21-mc-80-CEM-EJK, 2022 WL 3236732, at *1 (M.D. Fla. July 18, 2022), *report and recommendation adopted by* 2022 WL 3227185 (M.D. Fla. Aug. 10, 2022). Any judgment against the garnishee on the garnishee's answer shall be entered for the amount of the garnishee's liability, as disclosed by the answer. § 77.083, *F.S.* Notably, the judgment of garnishment may not exceed the amount remaining unpaid on the final judgment against the defendant nor exceed the amount of the liability of the garnishee to the defendant. *Id.*

## Analysis

Florida courts strictly construe garnishment statutes. *PACA Trust Creditors of Worldwide*, 2015 WL 1825947, at *1 (citing *Gigliotti Contracting N., Inc. v. Traffic Control Prods. of N. Fla., Inc.*, 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001)); *Bernal v. All Am. Inv. Realty, Inc.*, No. 05-60956-CIV, 2009 WL 586010, at *4 (S.D. Fla. Mar. 6, 2009) (same). Here, Defendants demonstrated that they complied with all statutory requirements. Namely, Defendants filed a motion stating the amount of the judgment, obtained a writ of garnishment against Citizens, provided the requisite statutory notice to Schalamar Creek of the Writ, and provided the requisite statutory notice of Citizen's answer to the Writ. Neither Schalamar Creek nor any other party objected, filed a claim of exemption, or moved to dissolve the

Writ. Based on this record, therefore, Defendants meet the statutory requirements for a judgment of garnishment.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) Defendants' "Motion for Entry of Final Judgment of Garnishment" (Doc. 220) is **GRANTED**.

2) The Clerk is directed to enter final judgment in garnishment in favor of Defendants, and against Citizens Bank and Trust, in the amount of $13,790.86, which shall be made payable to the attorney trust account of Defendants' counsel.

3) Citizens is entitled to $100 in statutory attorney's fees under § 77.28, *F.S.*, made payable by Defendants directly to Citizens or its counsel upon demand.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of June, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**